593 So.2d 729 (1992)
STATE of Louisiana
v.
Larry McNEAL.
No. 91-K-2750.
Court of Appeal of Louisiana, Fourth Circuit.
January 8, 1992.
Stay Order Vacated; Writ Granted with Order January 31, 1992.
Harry F. Connick, Dist. Atty., New Orleans, for respondent.
John Ruskin, Clyde Merritt, Orleans Indigent Defender Program, New Orleans, for relator.
Before SCHOTT, C.J., and LOBRANO and PLOTKIN, JJ.
SCHOTT, Chief Judge.
On the application of the defendant we grant certiorari in order to consider the validity of the ruling of the trial court denying his attorneys' motion to withdraw from the case. The issue is whether a conflict of interests exists ipso facto in the situation where counsel for separate clients with antagonistic defenses are represented by separate counsel all furnished by the Orleans Indigent Defender Program (OIDP).
Relator stands indicted for first degree murder and has been represented by OIDP attorneys Merritt and Ruskin. Estelle Turner was indicted for being an accessory after the fact to the murder. She has been represented by OIDP attorney Green. Turner was offered immunity and on the advice of counsel made statements implicating *730 relator. Some of the statements also implicated Turner, but others did not. When counsel for relator advised him of "a possible conflict of interest caused by O.I.D.P.'s representation of both the relator and Ms. Turner" he asserted his right to "conflict-free representation" prompting Merritt and Ruskin to move to withdraw from the representation.
Relator does not argue that any actual conflict exists in this case. He does not allege any facts which directly or inferentially support a conclusion that his attorneys' loyalty to him was compromised or that their ability to defend him was curtailed or infringed up by virtue of Turner's being represented by another OIDP attorney. He says only that OIDP is a law firm so that representation of clients with conflicting interests is prohibited by Rule 1.10 of the Rules of Professional Conduct.
A law firm is a voluntary association by lawyers for the mutual benefit of the members who share income and expenses. The OIDP is a phrase used to refer to the program administered by the indigent defender board appointed by the Criminal District Court of the Parish of Orleans pursuant to LSA-R.S. 15:144(B). Like all the judicial district indigent boards throughout the state the Orleans Parish board is a creature of the legislature whose purpose is to provide representation to criminal defendants who are indigent. Such a board may employ a chief indigent defender and such assistants and supporting personnel as it deems necessary. R.S. 15:145(B)(2).
The Orleans Parish Indigent Board has employed a chief and a number of assistants pursuant to this statute. These attorneys are employees of the board pursuant to § 145(B)(2). They are public employees. They are not members of a partnership or partners in a firm of lawyers. Consequently Rule 1.10 does not apply to them. The mere fact that attorneys representing clients with conflicting interests are employees of the same indigent defender board does not in itself furnish a ground for one of the attorneys to withdraw or for the client to insist upon the appointment of an attorney who is not an employee of the board. This is understood in the context that an actual conflict has not been alleged or proved.
Accordingly, the rulings of the trial court denying the motion to withdraw and denying relator's motion to determine whether he would consent to the representation in the face of the supposed conflict are affirmed.
AFFIRMED.
PLOTKIN, J., dissents with written reasons.
PLOTKIN, Judge, dissenting with written reasons:
I respectfully dissent because an indigent criminal defendant is guaranteed under the 6th amendment to the U.S. Constitution and under the Louisiana Constitution to conflict-free and effective assistance of counsel. The right to conflict-free counsel entitles the defendant to a separate lawyer, who is not practicing in the same office and utilizing the same resources as the attorney for another defendant when a conflict of interest exists between the defendants.
The sole issue to be decided in this capital murder case is whether a conflict of interest exists ipso facto in the situation where counsel for separate clients with antagonistic defenses are represented by separate counsel who were all furnished by the Orleans Indigent Defender Program (OIDP). The majority concludes that this assignment has no merit because relator failed to argue that an actual conflict exists, and because he failed to allege any facts which directly or inferentially support a conclusion that his attorney's loyalty or ability to defend him was compromised.
I disagree. Rule 1.7 of the Rules of Professional Conduct clearly states:
Loyalty is an essential element in the lawyer's relationship to a client. Therefore:
(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

*731 (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
(2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.
After becoming aware of the conflict of interest involved, OIDP counsel Merritt/Ruskin brought this to the attention of their client McNeal and at defendant's request, they moved to withdraw as counsel of record. It is apparent from the motion to withdraw that defendant's counsel Merritt/Ruskin felt that the representation of the defendant would be adversely affected by the agreement made with another defendant, Turner, who was also represented by an OIDP attorney, Kendell Green.
Defendant argues that the OIDP office has all the hallmarks of a law firm. Subpoenas and notices are accepted by one on behalf of all. All attorneys at OIDP office rely upon the limited number and same three secretaries and one administrative secretary. They all rely upon the limited number and same three investigators. All attorneys, in small and large groups, discuss trial strategies and current issues of law as they apply to their client base and specific clients. All attorneys regularly appear as substitute counsel, on short notice at all stages of proceedings. OIDP operates, in principal and in reality, as a single firm, staffed by numerous associates.
The close work relationship of lawyers, investigators and secretaries creates the reasonable probability that confidential information will be disclosed to the defendant's detriment. The defendant is entitled to representation that does not create the slightest risk that his tactics or evidence can be compromised by inadvertence or intentional disclosure.
As defense counsel asserts, OIDP operates as a firm under the meaning taken in Rule 1.10(a) which states:
(a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.9 or 2.2.
In addition to the preceding arguments, the Louisiana State Legislature has provided a statutory remedy for conflict of interest representations by OIDP. La.Rev.Stat. § 15:145(B)(2) states in part:
The chief indigent defender may in the event of conflicts of interest, inadequate personnel or for any other reason approved by the board request that the court appoint counsel to represent indigent defendants pursuant to Section 145(B)(1).
This statute indicates that the legislature intended to split the representation where OIDP has a conflict of interest.
For the above and foregoing reasons, I would grant defendant's application, order the defendant's OIDP counsel to withdraw, and order the trial court to appoint new counsel as provided in La.Rev.Stat. § 15:145(B)(1).