NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

JAK 08-1226

STATE IN THE INTEREST OF

D. A.

**********

APPEAL FROM THE
JEANERETTE CITY COURT
PARISH OF IBERIA, NO. 2116
HONORABLE CAMERON B. SIMMONS, CITY COURT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.

**REMANDED WITH INSTRUCTIONS.**

**Walter James Senette, Jr.**
**Assistant District Attorney**
**Post Office Box 268**
**337-828-4100**
**Counsel for Plaintiff/Appellee:**
**City of Jeanerette**

**Margaret Smith Sollars**
**LA Appellate Project**
**513 Country Club Blvd.**
**Thibodaux, LA 70301-3711**
**(985) 446-2618**
**Counsel for Defendant/Appellant:**
**D. A.**

**EZELL, JUDGE.**

D.A., a juvenile, was adjudicated a delinquent based on the crime of unauthorized entry of an inhabited dwelling in September 2007. On January 24, 2008, the city court entered a judgment of disposition, remanding D.A. to the custody of the State of Louisiana for one year with a recommendation for non-secure placement with the Office of Youth Development. D.A. appealed and this court affirmed his adjudication, *State in the Interest of D.A.*, 08-346(La.App. 3 Cir. 8/29/08), ____So.2d ____. On appeal, one of D.A.'s claims was that the joint representation of the four juveniles by one attorney created an actual conflict of interest. The record did not establish this claim as to the adjudication proceeding, and this court held that D.A. failed to prove an actual conflict arose. However, it was impossible to determine from the record before this court whether D.A. and D.J., a codefendant, were represented by the same attorney at the disposition hearing, as argued by D.A.'s counsel in her original brief to this court. Accordingly, this court remanded the case with the following instructions:

> For the above reasons, we remand this case with instructions that the city court conduct an evidentiary hearing within twenty days of this date to determine whether D.A. and D.J. were represented by the same attorney at the disposition hearing, and, if so, whether that attorney labored under an actual conflict of interest. The trial court is further ordered to prepare and lodge with this court an appellate record containing the transcript of the above-referenced evidentiary hearing within ten days of the hearing. Once this record is lodged with this court, the State and the Juvenile will be given the opportunity to file briefs should either party wish to raise any issues arising from the hearing.

The matter was taken up by the city court judge, Cameron B. Simmons, on September 18, 2008, and the case is now before this court for consideration of the issue that was the subject of the remand; however, for the reasons discussed below, this case is again remanded for a full evidentiary hearing.

1

At the September 18, 2008, proceeding, D.A. was represented by Craig Colwart, Chief Public Defender with the Public Defender's Office. At the outset of the proceeding, Judge Simmons and Mr. Colwart addressed the issue of any potential conflict of interest concerning representation of D.A. at the hearing as well as any conflict of interest at his previous disposition hearing:

Judge Simmons: Yes, just for purposes of the record we had a meeting before we started hearing these cases this morning, where we discussed with all of the attorneys that were involved with the Public Defender Boards ['] Office and cleared up any issue about representation for these hearings and Mr. D.A., in this case, you actually were represented in this matter for purposes of these proceedings before the Appellate Court between a Margaret Solars, who enrolled as your councel [sic] of record. We sent notice to Ms. Solars of the fixing of this matter for today for hearing. She's not here and haven't had any response for her. In that regard, I referred this matter back to the Public Defender Boards [']Office [sic] for representation. In order that we have conflict [-] free representation, we have met with the Board to discuss representation of the juveniles this morning. Mr. Colwart who is a Chief Public Defender is appearing here on behalf of your case. Do you understand that? Mr. Colwart, I understands [sic] had an opportunity to talk to you all, he's had an opportunity to review all of these opinions before today's date and review the file. Ok.

Mr. Colwart: That's correct Your Honor and I had an opportunity to talk to the defendant, whose [sic] present, and his mother. Can you state your name for the record.

[The Mother]: Mother.

Mr. Colwart: Ok, and your name, sir.

[The Stepfather]: [Stepfather].

Mr. Colwart: Ok, I didn't have a chance to talk to [the Stepfather], but I had a long conversation with the mother and Mr. D.A. and explained to them the situation and what the issues that were pending before the court. And we or for the defense perspective we are acknowledging, although, they disagree with the

2

finding of guilt and the affirmation. They are acknowledging that he does as he's appeared before your court that he is convicted of being a principle [sic] to an Unauthorized Entry of an Inhabited Dwelling. I went over the issue of the remand and what issues that entailed about the conflict. They understand that situation and in the spirit of moving the case along, which is what Mr. D.A. and his momma wants to do is move the case along, that they would waive any potential conflict.

The conflict arose out of the fact that at the trial that he was represented by Mr. John West. After his conviction, at his disposition he was represented by Ms. Shantelle Brown, who was also mentioned as the Attorney of Record for Mr. D.J., who was the person who made the statement implicating Mr. D.A. So, I guess the Third Circuit said, "Well, that looks like that could be conflict, so we are going to remand it back down to make a determination." I've explained the issued [sic] to Mr. D.A. and his mother; they indicated to me they understood it; they wish to waive any conflict and I also explained to them as we put on the record previously this morning that when you look at the record it didn't appear to me that there was a conflict because Ms. Brown was never officially appointed to represent Mr. D.J. prior to the disposition of Mr. D.A. case. But, be that as it may, they wish to waive any conflict that may appear on the record and they wish to proceed knowing that they are, that D.A. is convicted of being a principle [sic] of an Unauthorized Entering. They understand that that would affirm the two[-]year sentence that was originally imposed on him. I'm sorry, he was given a one[-]year sentence. That would reinstate the one[-]year sentence disposition that was imposed, originally imposed on him and at this time we would move . . . the court to modify the disposition as per the most recent report that was made to the court.

The judge then addressed the issue remanded by this court regarding representation of the juveniles at the disposition hearing:

Judge Simmons: Ok, understanding all that, Judge Ezell when he remanded this matter back to the Court, had pretty specific instructions for the Court and for purposes of the remand, there were instructions to the Court to conduct an evidentiary hearing within twenty days

3

of this date to determine whether D.A. and D.J. were represented by the same attorney at the dispositional hearing and if so whether that attorney labored under the actual conflict of interest.

For purposes of D.A.'s case, he was in fact represented by Mr. John West. That's correct.

Mr. Colwart: At trial.

Mr. Senette: At trial, Your Honor.

Judge Simmons: Ok, and D.J. was represented by who?

Mr. Colwart: Kay Pitman

Judge Simmons: Kay Pitman.

Mr. Colwart: He was never represented by. . .

Judge Simmons: Ok, so in answer to Judge Ezell's questions, the parties are stipulating to me this morning and it's also my own recollection that Mr. West represented D.A. at the adjudication hearing...

Mr. Senette: That's correct.

Judge Simmons: And Kay Pitman represented at the adjudication hearing. But the issue that Judge Ezell said was then at the dispositional hearing, Ms. Brown is going to represent who?

Ms. Brown: D.J. only.

Judge Simmons: At disposition. And at [sic] D.A. was represented by Mr. West at the dispositional hearing.

Ms. Brown: John West. That's correct.

Judge Simmons: So, for purposes for Judge Ezell's questions and my own recollection then would be that Mr. West represented D.A. at both the adjudication and dispositional hearings and Ms. Brown represented D.J. at the dispositional hearing. Regardless of that as reviewed on the record in other matters. The Court is satisfied after taking a look at the proposed ineffective assistance of counsel arguments that were raised in other appellate decisions, that there was not in fact an actual conflict of interest between the attorneys, although the court acknowledges that

4

they were all represented through the Public Defender Board and had files.

At one point during the proceeding, Judge Simmons asked D.A.'s mother if she understood what was being talked about, and the following exchange occurred:

Judge Simmons:      . . . .

                    [Mother], do you understand what we're talking about?

[The Mother]:      Not clearly.

Judge Simmons:      Ok, you had a chance to talk to Mr. Colwart.

[The Mother]:      Yeah, I had a chance to talk to him, I mean, I understand most of what he was talking about. I just kinda got a little confused with the different attorneys, you know, because at one point in time, Ms. Brown, I did speak to her about D.A.['s] case. And I thought that she was D.A.['s] attorney and this other man that I never spoke with when he represented D.A. I haven't seen him, never spoke to him about the case. All I knew is that he appeared on the scene and was his attorney. And that kind of confused him and it confused me.

After disposing of the issue remanded by this court, Judge Simmons entertained and granted a request for modification of D.A.'s disposition. According to the judge, prior to the hearing, the Office of Juvenile Justice informed him that they had recommendations "relative to D.A. to modify the disposition." Having been asked by Mr. Colwart to "entertain a modification hearing," and there being no objection by the State, the court considered the request for modification. The court modified the Juvenile's disposition, incorporating the requests by the State that he stay away from the victim and the victim's family and to make restitution for the weapon that was taken. The remainder of D.A.'s sentence was suspended, and he was placed on supervised probation for one year with the Office of Juvenile Justice,

5

subject to certain conditions. D.A.'s mother indicated that he would reside with her and that he would probably attend Jeanerette Middle School.

## INSUFFICIENCY OF THE HEARING

In remanding the case, this court ordered an evidentiary hearing, which is "a hearing at which evidence is presented, as opposed to a hearing at which only legal argument is presented." Blacks Law Dictionary 725 (7th ed. 1999). No *evidence* as to which attorney(s) represented D.A. and D.J. at the disposition hearing was presented. Rather, the finding that they were represented by different counsel was based on Judge Simmons recollection and Ms. Brown's unsworn statement that she represented D.J. and Mr. West represented D.A. at the disposition hearing. Mr. West, although present at the hearing, did not speak. This was not an evidentiary hearing as ordered by this court. Accordingly, the case is remanded again for an evidentiary hearing at which evidence, such as sworn testimony, must be presented as to who represented D.A. and D.J. at the disposition hearing. If D.A. and D.J. were represented by the same attorney, as alleged by D.A.'s counsel in her original brief to this court, a determination of whether that attorney labored under an actual conflict of interest should be made. *See State in the Interest of D.A.*, 08-346 (La.App. 3 Cir. 8/29/08), 995 So.2d 11.

## ASSIGNMENT OF ERROR

In her brief filed after the September 18, 2008 hearing, appellate counsel claims that a conflict attorney, not another Indigent Defender Board, (IDB) attorney, should have been appointed to represent D.A. at the evidentiary hearing. As her "Issue of Law," counsel questions whether another IDB attorney, who was not a conflict attorney, could waive D.A.'s right to a hearing when the IDB created the conflict in the first place. Counsel claims that Mr. Colwart persuaded D.A. and his mother to

6

waive the prior conflict in the case, something that D.A.'s mother did not understand, as evidenced by her comment to Judge Simmons.

Counsel restates much of her argument from her original brief regarding the joint representation by one attorney of the juveniles *prior* to the disposition hearing, an issue addressed and denied by this court in its ruling affirming the Juvenile's adjudication. Counsel additionally restates her argument regarding the joint representation of D.A. and D.J. by one attorney at the disposition hearing. As for the evidentiary hearing, counsel claims another attorney should have been appointed to represent D.A. at the hearing, as "Craig Colwart was now the fourth public defender to represent D.A." In support of her argument regarding a conflict involving IDB attorneys, counsel cites two cases, *State v. McNeal*, 593 So.2d 729 (La.App. 4 Cir. 1992)[1], and *State v. Johnson*, 597 So.2d 79 (La.App. 4 Cir. 1992), neither of which, she claims, apply to this situation due to the fact that all IDBs are required to have conflict attorneys available to handle situations such as this, "particularly after [LIDAB] was reorganized and the local boards eliminated." Counsel contends she has plainly established that an actual conflict of interest existed which has demonstrated an independent ground for reversing the *adjudication* based on a violation of D.A.'s right to effective assistance of counsel. There is no prayer for

---

[1]In the *McNeal* case cited by counsel, the court held:

> The mere fact that attorneys representing clients with conflicting interests are employees of the same indigent defender board does not in itself furnish a ground for one of the attorneys to withdraw or for the client to insist upon the appointment of an attorney who is not an employee of the board.

*Id.* at 730. Although not cited by defense counsel, we note the supreme court reversed the fourth circuit in *State v. McNeal*, 594 So.2d 876 (La.1992), and the United States Supreme Court vacated the judgment on other grounds in *State v. Johnson*, 508 U.S. 958, 113 S.Ct. 2926 (1993).

relief, only a conclusion which states that a conflict existed throughout the entire proceedings and another IDB attorney could not represent D.A. at the evidentiary hearing.

Counsel's current brief raises the issue of a conflict of interest resulting from different attorneys within the same IDB representing the juveniles, whereas, in her original brief, the focus of her argument was that the juveniles were initially represented by the same attorney, and that both D.A. and D.J. were represented by the same attorney at the disposition hearing.

This court has already affirmed the Juvenile's adjudication of delinquency, after having found counsel, in her original brief, failed to prove an actual conflict of interest up to the point of the disposition hearing. The only issue to be addressed at the evidentiary hearing was whether D.A. and D.J. were represented *by the same attorney* at the *disposition* hearing and, if so, whether that attorney labored under an actual conflict of interest. We find that counsel cannot now be allowed to raise the "IDB conflict" argument regarding any proceeding other than the September 18, 2008 hearing, as she did not do so in her original brief to this court, and this court has already addressed her original conflict argument as it related to the adjudication proceeding.

This case is remanded for the holding of a full evidentiary hearing. Counsel's argument regarding a conflict of counsel at the September 18, 2008 hearing is technically moot. However, out of an abundance of caution, in the interest of judicial economy, and considering this is an expedited juvenile matter, this court orders that the D.A. be represented by an attorney outside the Public Defender's Office at the upcoming evidentiary hearing.

**DISPOSITION**

This case is remanded to the city court with instructions that it conduct a full evidentiary hearing within twenty days from the date this opinion is rendered on the issue of whether D.A. and D.J. were represented by the same attorney at the disposition hearing, and if so, whether that attorney labored under an actual conflict of interest. Although remanding for a new evidentiary hearing renders counsel's arguments regarding a conflict of interest at the September 18, 2008 hearing moot, as a precautionary measure, and in the interest of judicial economy, this court orders that counsel outside the IDB be appointed to represent D.A. at the new hearing. The trial court is ordered to prepare and lodge with this court an appellate record containing the transcript of the above-referenced evidentiary hearing within ten days of the hearing. Once the record is lodged, the State and the Juvenile shall be given the opportunity to file briefs should either party wish to raise any issues arising from the hearing. Counsel's claims regarding a conflict of interest at any proceeding other than the evidentiary hearing will not be considered as they are not properly before this court.

**REMANDED WITH INSTRUCTIONS.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION: Rule 2-16.3 Uniform Rules, Court of Appeal.