930 So.2d 951 (2006)
STATE of Louisiana
v.
John M. CONNOLLY, III.
No. 2006-KD-0540.
Supreme Court of Louisiana.
June 2, 2006.
*952 PER CURIAM.
Relator, John M. Connolly, III, seeks to vacate an order entered sua sponte by the Honorable Charles L. Porter, Judge in the 16th Judicial District Court, Parish of St. Mary, disqualifying himself from further post-conviction proceedings in this capital case. For the reasons that follow, we set aside the order of disqualification, vacate the reallotment of the case to the Honorable Keith Comeaux, and direct Judge Porter to resume presiding over the post-conviction proceedings to their conclusion.
This Court has the benefit of two Per Curiums issued by Judge Porter setting out the reasons why he disqualified himself from the case and confirming in general outline relator's summary of the proceedings below. The state indicted relator in 1992 for first degree murder in violation of La.R.S. 14:30. He was tried by a jury before the Honorable Michael J. McNulty, Jr., found guilty as charged, and sentenced to death in 1995. This Court affirmed his conviction and sentence on appeal. State v. Connolly, 96-1680 (La.7/1/97), 700 So.2d 810. Thereafter, relator initiated post-conviction proceedings in the district court in 1998. By that time, Judge McNulty had retired and the Honorable Edward Leonard, Jr. had replaced him on the bench. However, Judge Leonard had actively participated in the prosecution of relator as an assistant district attorney in the 16th Judicial District. Accordingly, Judge Leonard was recused and the case was realloted to the Honorable Charles L. Porter.
In the course of the next seven years, Judge Porter sat through three changes in post-conviction counsel during which he denied relator's original application for post-conviction relief, allowed relator to file an amended and supplemental application for post-conviction relief, and thereafter conducted "many evidentiary hearings" encompassing "an extensive list of documentary evidence." With proceedings just short of a judgment on the merits of relator's amended and supplemental claims, Judge Porter entered an order on January 19, 2006, recusing himself from the case on grounds that he had been an assistant district attorney in the 16th Judicial District at the time of relator's indictment, although he had left the District Attorney's Office and assumed the bench by the time of relator's trial in 1995.
The case was thereafter randomly realloted to the Honorable Keith Comeaux. On February 13, 2006, relator Connolly appeared at a status hearing before Judge Comeaux and presented the court with a notice of his intent to seek review of the recusal order entered by Judge Porter and with a motion to stay further proceedings in the case pending the outcome on review. Judge Comeaux denied a stay and at a second status conference on February 22, 2006, observed for the record that he had been an assistant district attorney in the 16th Judicial District, not only at the time of relator's indictment but also during relator's trial three years later, and that he had been "heavily involved" in the prosecution of another capital case in the adjoining parish of St. Martin. Nevertheless, Judge Comeaux stated for the record that he does not consider his prior employment grounds to recuse him from the case and that he intends to proceed subject to the orders of this Court. On relator's application to this Court contesting Judge Porter's recusal order and reallotment of the case to Judge Comeaux, we stayed further proceedings below pending review of the merits.
Judge Porter does not indicate when in the course of these extensive post-conviction *953 proceedings he realized that he had been employed as an assistant district attorney at the time of relator's indictment. He acknowledges that "[t]his court had ample time and opportunity to discover the existence of the ground for recusal," but also indicates that "this court focused on its status as a trial judge during the defendant's trial, conviction and sentence." However the problem came to light, Judge Porter has assured this Court that he did not supervise or participate directly in the prosecution of relator and that he does not "harbor any bias or prejudice against the State or Defendant." Judge Porter thus determined to recuse himself "out of an abundance of caution . . . to avoid any appearance of conflict or impropriety in capital litigation" arising out of his prior association with other assistant district attorneys in the office responsible for prosecuting relator. As explained in his Per Curiums, Judge Porter's recusal order rests on the provisions of La.C.Cr.P. art. 671(A)(3) which requires recusal of a judge in any case in which he or she "has been associated with an attorney during the latter's employment in the cause." As a guide in interpreting the scope of art. 671(A)(3), Judge Porter looked to the decision in State v. Williams, 00-0011 (La.App. 4th Cir.5/9/01), 788 So.2d 515, writ denied, 01-1813 (La.5/10/02), 815 So.2d 832, in which the court of appeal rejected any distinction between an association of government attorneys and lawyers in a private law firm for purposes of art. 671(A)(3) and held that the trial judge erred in failing to recuse herself on grounds of her prior employment as an assistant district attorney at the time prosecution was instituted against defendant. Nevertheless, the court of appeal ultimately concluded that the error was harmless in the absence of any evidence the judge had participated in the prosecution or harbored prejudice against defendant. Williams, 00-0011 at 14-15, 788 So.2d at 527-28.
This Court has the plenary authority to grant a written motion by a trial judge to recuse himself for "any reason that it considers sufficient." La.C.Cr.P. art. 672. However, as a general matter, a trial judge may recuse himself from a case only when "a ground for recusation exists." Id.; see Off'l Rev. Cm't (This article "conforms with the generally accepted view that a judge may recuse himself only if there is a valid ground for recusation."); Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987)("There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."); In re K.E.M., 89 S.W.3d 814, 819 (Tex.App.2002)(same); see also Louisiana Code of Judicial Conduct, Canon 3(C)(unless required by law or by Supreme Court rule, "a judge should not recuse himself or herself."); ABA Annotated Model Code of Judicial Conduct, Canon 3(B)(1)("A judge shall hear and decide matters assigned to the judge except those in which disqualification is required.").
A trial judge must step down in any case in which he is "biased, prejudiced or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial." La. C.Cr.P. art. 671(A)(1); Off'l Rev. Cm't ("Ground (1) is the most important ground for recusation. . . . Recognition of bias or prejudice as a ground for recusation is in line with the basic purpose of recusation procedure, i.e., to protect the defendant's right to a fair and impartial trial."). A trial judge must also recuse himself even in the absence of a showing of specific bias or prejudice when he "[h]as been employed or consulted as an attorney in the cause, or has been associated with an attorney during the latter's employment in the cause. . . ." La.C.Cr.P. art. 671(A)(3). A judge must therefore recuse himself from post-conviction proceedings *954 from any case in which he actively participated in prosecuting the defendant. State ex rel. McKenzie v. State, 99-1657 (La.11/5/99), 750 So.2d 973, 974 ("This district court judge who denied relator's application for post-conviction relief filed the state's appellate brief in relator's appeal in this Court almost twenty years ago. . . . [T]he judge should have recused himself from post-conviction relief proceedings."); State ex rel. Truvia v. State, 96-1278 (La.2/6/98), 709 So.2d 723 ("The district court judge who denied relator's petition for post-conviction relief prosecuted relator for the instant crime over twenty years ago. Although this appears to have been inadvertent, he should have been recused from the post-conviction relief proceeding.").
However, this Court has not required a trial judge to recuse himself from a case on grounds that he had previously prosecuted the defendant in a prior, unrelated case, and therefore might harbor some bias or prejudice against the defendant for that reason alone. State v. Maduell, 326 So.2d 820, 823 (La.1976); State v. Laborde, 214 La. 644, 38 So.2d 371, 375 (1949); see also State v. Williams, 517 So.2d 1268, 1269 (La.App. 4th Cir.1987); State v. Mills, 505 So.2d 933, 941-42 (La. App. 2d Cir.1987); ABA Annotated Model Code of Judicial Conduct, Canon 3(E)(1), Annot. at 220 ("Generally, a judge is not automatically disqualified from a criminal case where he or she prosecuted the defendant in an earlier, unrelated case."). Nor has this Court required the disqualification of a judge solely on the basis of his or her coincidental employment in the District Attorney's Office at the time the defendant was charged in a case over which the judge had no supervision or control before assuming the bench. State v. Bradford, 99-0996 (La.5/14/99), 735 So.2d 619 (La.1999)(setting aside order of recusal of judge employed as an assistant district attorney at the time prosecution was instituted against defendant on grounds that there was "no evidence to support her recusal"). We thus declined to treat assistant district attorneys within the same office as an "association" of lawyers within a law firm for purposes of La.C.Cr.P. art. 671(A)(3).[1]Compare In re Lemoine, XX-X-XXXX (La.1/14/97), 686 So.2d 837. The result in Bradford accords with the majority rule in other state jurisdictions that "judges are not disqualified solely on the basis that they were formerly employed by the prosecutor's office. . . . [T]he judge to be disqualified must have performed some role in the case or have obtained actual knowledge of disputed evidentiary facts of the case[.]" People v. Julien, 47 P.3d 1194, 1197-98 (Colo.2002)(collecting cases); State v. Whittey, 149 N.H. 463, 821 A.2d 1086, 1090-91 (2003)(same)(citing Julien). Accordingly, a judge must disqualify himself sua sponte or in response to a motion to recuse only "if facts exist tying the judge to personal knowledge of disputed *955 evidentiary facts concerning the proceeding, some supervisory role over the attorneys who are prosecuting the case, or some role in the investigation and prosecution of the case during the judge's former employment." Julien, 47 P.3d at 1198; but see State ex rel. Corbin v. Superior Court, 155 Ariz. 560, 748 P.2d 1184 (1987) (disqualifying judge who served as an assistant district attorney at the time of the defendant's prosecution for capital murder from sitting at retrial of sentencing phase although judge had not participated in prosecuting the defendant). A trial judge sitting in post-conviction proceedings is therefore ordinarily not disqualified solely by virtue of his or her prior employment as an assistant district attorney in the office responsible for prosecuting the petitioner. Owens v. State, 13 S.W.3d 742, 757 (Tenn.Crim.App.1999).
Similarly, federal law governing disqualification of judges distinguishes between public service in a governmental agency and private practice of law. Compare 28 U.S.C. § 455(b)(3) (disqualifying a judge who "has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy.") with 28 U.S.C. § 455(b)(2) (disqualifying a judge who had "in private practice . . . served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it."). Thus, as a matter of federal law, a judge is not required to disqualify himself on grounds of his prior employment as a prosecutor unless "the former government attorney has actually participated in some fashion in the proceedings." Mangum v. Hargett, 67 F.3d 80, 83 (5th Cir.1995); see also United States v. Ruzzano, 247 F.3d 688, 695 (7th Cir.2001)("As applied to judges who were formerly [Assistant United States Attorneys], § 455(b)(3) requires some level of actual participation in a case to trigger disqualification."); ABA Annotated Model Judicial Code, Canon 3(E)(1)(b), Annot. at 231 ("The Commentary makes it clear that a lawyer in a government agency does not ordinarily have an association with other lawyers employed by that agency within the meaning of Section 3(E)(1)(b). Disqualification will only be required if the judge who had previously been in a government agency had `served as a lawyer' in the same or similar proceeding.").
The general rule against per se disqualification of a trial judge on the basis of his prior coincidental employment in the prosecutor's office at the time that office filed charges against the defendant rests in part on the recognition that "[m]any trial and appellate judges have spent a portion of their careers working for government agencies; disqualification should be based on bias and prejudice, or the reasonable appearance of partiality, not on technical grounds having to do with prior governmental association." Julien, 47 P.3d at 1199. The present case underscores that point. Three former assistant district attorneys have presided over this case during nearly eight years of post-conviction proceedings, only one of whom had any direct involvement in relator's prosecution. While disqualification of Judge Leonard appears to have been proper, recusal of Judge Porter is not required by La.C.Cr.P. art. 671(A)(3) because he did not share Judge Leonard's direct involvement as an assistant district attorney in relator's prosecution and otherwise had no supervisory role in the case. Furthermore, recusal of Judge Porter solely on the basis of his prior governmental association would work a particular hardship on relator. Judge Porter acknowledges that *956 extensive evidentiary hearings have been conducted in the present case over the past seven years. According to relator, these proceedings entailed the testimony of some 40 witnesses on a variety of claims asserted in his amended and supplemental application. The case lacks only a judgment on the merits of those claims. Substitution of a new judge at this juncture would risk the relitigation of some or all of the claims previously addressed over the past years and thereby impose a heavy burden on judicial resources in a case in which neither the state nor relator has alleged, let alone substantiated, any prejudice or bias on the part of Judge Porter arising out of his former employment as an assistant district attorney.
Given the absence of any allegations that Judge Porter cannot conduct post-conviction proceedings to their conclusion in a fair and impartial manner, and Judge Porter's disclaimer of any actual prejudice against either the state or relator and of any direct or supervisory role as a former assistant district attorney in the prosecution of relator, recusal is not required by law in the present case. To the extent that the reasoning in Williams conflicts with the view expressed herein, the decision is expressly disapproved.
ORDER OF RECUSAL AND REALLOTMENT OF CASE VACATED; CASE REMANDED.
NOTES
[1] However, the rule is different with respect to Indigent Defender Boards representing multiple defendants with adverse interests in the same proceeding. See State v. McNeal, 593 So.2d 729, 730 (La.App. 4th Cir. 1992)("The mere fact that attorneys representing clients with conflicting interests are employees of the same indigent defender board does not in itself furnish a ground for one of the attorneys to withdraw or for the client to insist upon the appointment of an attorney who is not an employee of the board."), rev'd 594 So.2d 876 (La.1992)("The motion to withdraw is granted and the case is remanded to the district court for further proceedings."). Indigent Defender Boards are thus treated as the equivalent of private law firms to effectuate a defendant's Sixth Amendment right to effective assistance of conflict-free counsel and the ethical obligation of an attorney associated with other lawyers in a firm to avoid representing a client "when any one of them practicing alone would be prohibited from doing so. . . ." La. Rules of Professional Responsibility, Rule 1.10(a).