Judge TERRI F. LOVE.
|!Defendant, Paul Turner, Jr., was charged with possession with intent to distribute cocaine and entered a plea of not guilty. Defendant filed motions to suppress the evidence, statement, identification, and to recuse the trial court judge. The trial judge denied the motions, and following a jury trial, Defendant was found guilty as charged. Defendant appeals his sentencing as excessive and argues that the trial court committed reversible error by denying his motion to recuse.
We find no error in the trial court’s denial of Defendant’s motion to recuse. We further find that the trial court adequately complied with the sentencing guidelines and Defendant’s sentence is warranted in light of the particular circumstances of the case and affirm Defendant’s conviction and sentence.
PROCEDURAL AND FACTUAL BACKGROUND
Defendant, Paul Turner, Jr., was charged with possession with intent to distribute cocaine and entered a plea of not guilty. Defense counsel filed motions to suppress the evidence, statement, identification and for a preliminary hearing and later filed a motion to recuse the trial court judge. The motion was transferred to Section “C” for the recusal hearing. The motion to recuse was denied and the case was transferred back to Section “E”.
12Pefendant filed writs in this Court in 2009-K-0901 for review of the trial court’s denial of the motion to recuse. This Court granted the writ, vacated the judgment and ordered the trial court to reconsider *838 the motion within thirty days in light of the decision rendered in State v. Brown, 2009-0334 (La.4/3/09), 6 So.3d.758 and to show compliance.
The trial court denied the motion to suppress the evidence and found probable cause to hold defendant for trial. Following a jury trial, Defendant was found guilty as charged. Defense counsel later filed motions for post verdict judgment of acquittal, for an appeal and designation of the record, for reconsideration of sentence, for a new trial, and to quash the multiple offender bill of information. The trial court denied the motions for a new trial and for post verdict judgment of acquittal. Defendant was sentenced to serve thirteen years at hard labor with credit for time served and concurrent with any other sentences. The state filed a multiple bill of information.
The trial court informed this Court that it reconsidered the motion to recuse and found it to be moot because Relator had already been convicted and sentenced. Accordingly, this Court denied Defendant’s request for compliance in 2009-K-1194 because he could seek review of the denial of the motion to recuse on appeal. Defense counsel filed a motion to reconsider the motion to recuse, and the motion to reconsider the motion to recuse was denied.
Defendant was adjudicated a fourth felony offender. Defendant’s original sentence was vacated and he was resentenced to serve thirty years at hard labor with credit for time served. The trial court denied the motion to correct an illegal sentence and the motion for a new multiple bill hearing, and Defendant appeals.
The following facts were adduced from trial testimony:
^TESTIMONY OF NOPD OFFICERS
Detective Frankie Watts was assigned to work undercover in the area of North Rampart Avenue and St. Philip Street, a high crime area that experienced a rash of robberies, car break-ins and other crimes. Officers Brian Elsensohn and Scott Ro-drigue were working with Watts as his cover team, and Officer Elsensohn testified that they were assigned as part of the back up team working with undercover Detective Frankie Watts in the Treme area. Officer Elsensohn further testified that then- assignment was to hang out in the area to look for and curtail criminal activity including narcotics transactions.
Det. Watts testified that he was approached at the intersection of North Rampart and St. Philip by a white male who solicited Det. Watts to purchase narcotics. The white male told Det. Watts . if you’re waiting, I can show you a house that we can purchase narcotics from.” Using hand signals Det. Watts notified Officers Elsensohn and Rodrigue that he would be relocating away from the intersection. Det. Watts followed the white male to the intersection of Ursuline Avenue and Marais Street where he observed Defendant approach the white male. The white male gave Defendant a ten-dollar bill. Defendant reached into his mouth, removed a rock substance and showed it to the white male. Det. Watts immediately recognized the crack cocaine, and Det. Watts was directed by the white male to come closer and inspect the cocaine to see which one he wanted to buy. Upon observing the rocks, Det. Watts gave a hand signal to Officers Elsensohn and Rodrigue that a drug transaction had taken place. Det. Watts identified himself as a police officer and displayed his badge to Defendant and the white male. When Officers Elsensohn and Rodrigue relocated to the area, Defendant threw the cocaine on the ground. Officers Elsensohn and Rodrigue |4detained Defendant, and Det. Watts recovered two rocks of crack co *839 caine. Defendant was arrested for distri-button of cocaine; the transport team was notified, and defendant was transported to central lock-up.
Det. Watts denied that he was working with a confidential informant. When he observed the drug transaction he was approximately ten feet from Defendant and the white male. Det. Watts admitted that he had arrested Defendant for possession of crack cocaine in the Treme area thirty-four days prior to the instant arrest. Det. Watts testified that when he identified himself as a police officer, the white male said “... aw fuck” and Defendant slightly turned and threw the cocaine on the ground. Det. Watts testified that the ten-dollar bill that he saw the white male give to Defendant was not listed on the evidence sheet when Defendant was booked and that did not know what happened to the ten-dollar bill. However, Det. Watts opined that the transporting team must have inadvertently failed to seize the ten-dollar bill from Defendant, and Defendant concealed the ten dollar bill at the time he was transported to the lock-up. Det. Watts stated that the two rocks of crack cocaine were not wrapped or bagged when he retrieved them from the ground.
TESTIMONY OF JAVONNA CORDOVA-JOHNSON
Javonna Cordova-Johnson, administrator of the legal and risk management department of the Orleans Parish Criminal Sheriffs Office, testified that she requested information about Defendant’s inmate account from the comptroller of inmate accounts. The computer data sheet of the account showed a zero balance for August 26, 2006, Defendant’s date of arrest.
Ms. Johnson stated that she was not present when Defendant was transported to the lock-up, booked or processed into the jail; she did not know if Defendant lavas strip searched. She affirmed that any property found on an arrestee is turned over to her for deposit in the arres-tee’s inmate property account.
TESTIMONY OF COLONEL JULIETTE LANGHAM
Colonel Juliette Langham, comptroller of the Orleans Parish Criminal Sheriffs Office, testified that she is in charge of the inmate money accounts. She explained that upon arrival at the lock-up, an arres-tee is asked to empty his pockets of all money which is counted in front of the arrestee and entered into his inmate money account to be returned to him upon his release. Defendant’s account showed that no money was deposited in his account at the time he was booked into the lock-up.
Colonel Langham further testified that she was not present when defendant was transported to the lock-up, booked or processed into the jail, and she did not know if defendant was strip searched or if a cavity search was done.
ERRORS PATENT
A review for errors patent reveals none.
MOTION TO RECUSE
Defendant argues that the trial court committed reversible error by denying his motion to recuse. Defendant maintains that because Judge Landrum-Johnson was employed or consulted as an assistant district attorney in the early stages of the case, she was biased, prejudiced and personally interested in the cause to such an extent that she was unable to conduct a fair and impartial trial. Specifically, defendant argües that Judge Landrum-Johnson was not just an uninvolved assistant district attorney but was the district attorney beginning in October 2007, prior to the filing of the bill of information in the instant case on November *840 29, 2007. Defendant notes that Judge Landrum-Johnson was involved with his case from ^August 2006 (the time of defendant’s arrest) when she was an assistant district attorney to her promotion to first assistant district attorney, to acting district attorney in 2007 to trial court judge in 2008 up to the present. Given these facts, defendant contends that Judge Landrum-Johnson has created a conflict of interest and an appearance of impropriety. Defendant argues that the strict interpretation of La.C.Cr. P. art. 671(A)(2)(3) or (6), mandates that Judge Landrum-Johnson should have been re-cused from the case.
La.C.Cr. P. art. 671 provides in pertinent part:
A. In a criminal ease a judge of any court, trial or appellate, shall be recused when he:
(1) Is biased, prejudiced, or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial;
(2) Is ... an attorney employed in the cause, or of the district attorney;
(3) Has been employed or consulted as an attorney in the cause, or has been associated with an attorney during the latter’s employment in the cause;
[[Image here]]
(6) Would be unable, for any other reason, to conduct a fair and impartial trial.
The issue of whether a trial court judge must recuse in a case was addressed in State v. Connolly, 2006-0540, pp. 4-8 (La.6/2/06), 930 So.2d 951, 953-955, in which the Court stated:
A trial judge must step down in any case in which he is “biased, prejudiced or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial.” La.C.Cr.P. art. 671(A)(1); Offl Rev. Cm’t (“Ground (1) is the most important ground for recusation... .Recognition of bias or prejudice as a ground for recusation is in line with the basic purpose of recusation procedure, i.e. to protect the defendant’s right to a fair and impartial trial.”) A trial judge must also recuse himself even in the absence of a showing of specific bias or prejudice when he “[h]as been employed or consulted as an attorney in the cause, or has been associated with an attorney during the latter’s employment in the cause.... ” La. C.CrJP. art. 671(A)(3).
Ji * *
However, this Court has not required a trial judge to recuse himself from a case on grounds that he had previously prosecuted the defendant in a prior, unrelated case, and therefore might harbor some bias or prejudice against the defendant for that reason alone, (citations omitted)... .Nor has this Court required the disqualification of a judge solely on the basis of his or her coincidental employment in the District Attorney’s Office at the time the defendant was charged in a case over which the judge had no supervision or control before assuming the bench. State v. Bradford, 99-0996 (La.5/14/99), 735 So.2d 619 (La.1999)... .We thus declined to treat assistant district attorneys within the same office as an “association” of lawyers within a law firm for purposes of La.C.Cr.P. art. 671(A)(3) ... The result in Bradford accords with the majority rule in other state jurisdictions that “judges are not disqualified solely on the basis that they were formerly employed by the prosecutor’s office.... [T]he judge to be disqualified must have performed some role in the case or have obtained actual knowledge of disputed *841 evidentiary facts of the case[.]”... Accordingly, a judge must disqualify himself sua sponte or in response to a motion to recuse only “if the facts exist tying the judge to personal knowledge of disputed evidentiary facts concerning the proceeding, some supervisory role over the attorneys who are prosecuting the case, or some role in the investigation and prosecution of the case during the judge’s former employment.” (citations omitted)
[[Image here]]
Similarly, federal law governing disqualification of judges distinguishes between public service in a governmental agency and private practice law.... Thus, as a matter of federal law, a judge is not required to disqualify himself on grounds of his prior employment as a prosecutor unless “the former government attorney has actually participated in some fashion in the proceedings.” (citations omitted)
On March 6, 2009, the motion to recuse hearing was conducted before the Honorable Melvin Zeno, Judge Pro Tempore. Defendant testified, and stated that he was arrested for possession with intent to distribute cocaine. Defendant was later released pursuant to La.C.Cr. P. art. 701. He testified that when the trial court judge was appointed acting district attorney, she allotted his case to Section “E”, the section of court to which she was later elected judge. No further questions were asked, no other witnesses were called and no documentary evidence was introduced. In denying the motion to recuse, Judge Zeno stated:
|sThe Court takes notice of the law of this land and that is, the Court has to make it’s [sic] determination based upon competent evidence. The evidence presented before us comes solely from the defendant who has given testimony concerning certain things or matters which he believes, in fact, occurred. I have not been presented with any documentation to support these things which has [sic] been testified to. No witnesses have been called, more particularly, the Judge involved in the matter. There has been no suggestion set forth before me with any degree of certainty that the judge in the assigned division could not be fair and impartial.
In State v. Brown, 2009-0334 (La.4/3/09), 6 So.3d 758, the Louisiana Supreme Court reversed this court’s ruling which affirmed the denial of a motion to recuse Judge Landrum-Johnson. The defendant alleged that the prosecution occurred while Judge Landrum-Johnson was acting district attorney. Based on the decision in Connolly, this Court affirmed the trial court. The Supreme Court granted the writs and ordered Judge Landrum-Johnson to recuse herself saying only “in this capital case.” [Emphasis added].
In State v. Robinson, 44,676 (La.App. 2 Cir. 9/23/09), 22 So.3d 1064, the appellate court did not recuse the trial judge because the defendant failed to submit any evidence that the trial judge, a former prosecutor, had prosecuted the defendant on unrelated crimes and that the trial court was not the trier of fact.
In the instant case, no testimony or evidence was adduced at the motion to recuse hearing that Judge Landrum-John-son had any personal involvement in Defendant’s case. Judge Landrum-Johnson was not called to testify as to any direct involvement in Defendant’s case, and no documentary evidence was submitted to indicate her direct involvement. Furthermore, Judge Landrum-Johnson was not the trier of fact. Thus, applying the standard enunciated in Connolly, we find no *842 abuse of discretion in Judge Zeno’s denial of the motion to recuse.
J^EXCESSIYE SENTENCING
Defendant argues that his thirty-year sentence as a fourth felony offender is excessive because he is a drug addict and not a hard-core drug dealer. He asserts that the trial court failed to consider his drug addiction as a mitigating factor pursuant to State v. Dorthey, 623 So.2d 1276 (La.1993), and as such, his sentence should be vacated and the case remanded for resentencing.
Article I, Section 20 of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. La. Const. Art. I, 20; State v. Landry, 2003-1671 (La.App. 4 Cir. 3/31/04), 871 So.2d 1235, 1239-1240. A sentence may violate a defendant’s constitutional right against excessive punishment even if it is within the statutory limit. Id.-, State v. Dorthey, 623 So.2d 1276, 1280 (La.1993). A sentence within the statutory limit is constitutionally excessive if it is grossly out of proportion to the severity of the crime or is nothing more than the purposeless imposition of pain and suffering. State v. Landry, 871 So.2d at 1239-1240, citing State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676.
Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Black, 98-0457, p. 8 (La. App. 4 Cir. 3/22/00), 757 So.2d 887, 892. If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case. State v. Caston, 477 So.2d 868, 871 (La.App. 4 Cir. 1985). The reviewing court must also keep in mind that maximum sentences should be reserved for the most egregious violators of the offense charged. State v. Quebedeaux, 424 So.2d 1009, 1014 (La.1982). The trial court | inhas great discretion in sentencing within the statutory limits. State v. Trahan, 425 So.2d 1222 (La.1983). The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La C.CrJP. art. 881.4(D).
La. R.S. 40:967(B)(4)(b) provides that a person convicted of distribution of cocaine shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation or suspension of sentence; and he may, in addition be ordered to pay a fine of not more than fifty thousand dollars.
La. R.S. 15:529.1(A)(l)(c)(i) provides that if the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then: (i) the person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life.
In the instant case, Defendant was convicted of possession with intent to distribute cocaine. Defendant was subsequently adjudicated a fourth felony offender having committed three prior felonies for aggravated crime against nature, distribution of false drugs and possession of cocaine. The court sentenced Defendant to serve thirty years at hard labor; however, the court could have imposed a life sentence pursuant to La.R.S. 15:529.1(A)(l)(c)(i).
*843 At the multiple bill hearing the trial court heard the testimony of Defendant and his mother as to his lengthy drug addiction and the remorse he had for chasing the addiction instead of asking for help with the addiction. The trial court asked Defendant if he wanted a separate 1 uDorthey hearing; Defendant waived a separate Dorthey hearing and requested that the trial court consider the testimony taken at the multiple bill hearing. In tailoring Defendant’s sentence in this matter, the trial court judge noted that the evidence was considered in the sentencing.
In State v. Harvey, 2008-0217, (La.App. 4 Cir. 5/18/09), 12 So.3d 496, this Court affirmed a thirty year sentence for a second felony offender for possession with intent to distribute cocaine. Also, in State v. Williams, 2005-0176 (La.App. 4 Cir. 5/3/06), 932 So.2d 693, this Court affirmed a life sentence for a third felony offense for possession with intent to distribute cocaine. In State v. Johnson, 2008-43,302 (La.App. 2 Cir. 4/30/08), 982 So.2d 260, unit denied, 2008-1277 (La.2/6/09), 999 So.2d 769, the appellate court affirmed the defendant’s life sentence as a fourth felony offender for simple possession of cocaine. In State v. Franklin, 98-31068 (La.App. 2 Cir. 9/23/98), 719 So.2d 578, the appellate court affirmed the defendant’s forty year sentence as a fourth felony offender for possession with intent to distribute cocaine.
The trial judge followed the guidelines set forth in La.C.Cr.P. art. 894.1(C) by considering the mitigating circumstance of Defendant’s long drug addiction in sentencing Defendant to thirty years. We therefore find no merit in Defendant’s argument of excessive sentencing. We find that the trial court adequately complied with the sentencing guidelines and Defendant’s sentence is warranted in light of the particular circumstances of the case.
DECREE
Defendant’s conviction and sentence are affirmed.
CONVICTION AFFIRMED; SENTENCE AFFIRMED.