JAMES F. McKAY III, Judge.
 

 |, STATEMENT OF CASE
 

 On November 5, 2009, the defendant, Alton Kennedy, was charged by bill of information with one count of armed robbery, in violation of La. R.S. MAT.
 
 [1]
 
 At his arraignment on November 9, 2009, the defendant pled not guilty to the offense charged. The defendant filed discovery and suppression motions on November 13, 2009. After a preliminary and suppression hearing on January 25, 2010, the trial court found probable cause and denied defendant’s motions to suppress identification and statement. Prior to trial on April 7, 2010, the State informed the trial court that it was invoking the additional sentencing provisions of La. R.S. 14:64.3. After a jury trial, the defendant was found guilty as charged. On April 29, 2010, the defendant was sentenced to thirty years at hard labor without benefit of probation, parole or suspension of sentence and with credit for time served. A multiple offender hearing took place on November 12, 2010. The defendant was adjudicated a third felony offender; the prior sentence was vacated; and the defendant was resentenced to eighty years at hard labor. The defendant filed a motion to reconsider sentence which was denied.
 

 ^STATEMENT OF FACT
 

 On August 13, 2009, New Orleans Police Detective Willie Jenkins responded to a call of an armed robbery at the Gemini Bar, located at 141 Chartres Street. When Jenkins arrived on the scene, he met with Officer Dwight Aucoin, the first officer to arrive on the scene. The detective then met with the two victims, Christian Hortzenstein and Susan Love, and a witness, Anthony Bourgeois. Detective Jenkins was advised that the lounge had several surveillance cameras. After reviewing the footage from the surveillance cameras, the detective developed a suspect. Detective Jenkins put together a photographic lineup, which he presented to the victims and the witness. The victims and the witness identified the defendant as the perpetrator. Detective Jenkins obtained an arrest warrant for the defendant. After the defendant was arrested, Detec
 
 *987
 
 tive Jenkins took a statement from the defendant. The defendant was advised of his rights prior to giving the statement. The defendant stated he understood his rights and signed the rights of arrestee form. Defendant’s statement was video-recorded. In his statement, the defendant admitted to robbing the bar. He stated that he showed his gun to the two women and told them to give him the money. He took the money and left the bar.
 

 Anthony Bourgeois was a patron at the Gemini Bar on the evening of August 13, 2009. He observed the defendant walk up to the bar, show a gun to the bartenders and tell the bartenders to give him the money. Christian, one of the bartenders, gave the money box to the defendant, and the defendant left the bar. Mr. Bourgeois attempted to chase the defendant, but he got away. Mr. Bourgeois identified the defendant at trial and in the photographic lineup as the person who robbed the Gemini Bar.
 

 |sSusan Love was employed as a bartender at the Gemini Bar on August 13, 2009. She was working the 11:00 a.m. to 10:00 p.m. shift. Shortly before her shift ended, the defendant approached the bar, where both she and Christian were standing, and pulled a gun out of his pants. The defendant told her to give him the money box. After she gave him the money box, he left the bar. Ms. Love stated that the defendant had been in the bar for about an hour before he robbed her. She recognized the defendant because he had come to the bar on several occasions for two to three months prior to the robbery. Ms. Love identified the defendant at trial and in the photographic lineup as the person who robbed the Gemini Bar.
 

 Christian Hortzenstein was also a bartender at the Gemini Bar on August 13, 2009. She arrived at the lounge at approximately 9:45 p.m. to relieve Susan Love. Ms. Hortzenstein was scheduled to work the 10:00 p.m. to 8:00 a.m. shift. She was standing at the bar with Ms. Love when the defendant approached them and pulled out a gun. The defendant told them to give him the money box, which contained one thousand nine hundred and fifty dollars. The defendant took the money box and left the bar. Ms. Hortzenstein stated that she recognized the defendant as a frequent patron. She testified that the defendant had been coming to the bar for over a year, about two times a month. Ms. Hortzenstein identified the defendant at trial and in the photographic lineup as the person who robbed the Gemini Bar.
 

 ERRORS PATENT
 

 A review of the record for errors patent reveals that the trial court imposed an illegally lenient sentence when it resen-tenced the defendant under the multiple offender statute. The trial court sentenced the defendant to serve eighty years at hard labor with credit for time served. However, La. R.S. 14:64 provides that the sentence should be imposed without benefit of probation, parole, or suspension of 14sentence. Furthermore, La. R.S. 15:529.1(G) states that any sentence imposed under the multiple offender statute shall be imposed without benefit of probation or suspension of sentence. Under La. R.S. 15:301.1(A) and
 
 State v. Williams,
 
 2000-1725 (La.11/28/01), 800 So.2d 790, the sentence is deemed to have been imposed with these restrictions of benefits, even in the absence of the trial court’s failure to delineate them. Thus, there is no need for this Court to correct the sentences.
 
 See State v. Phillips,
 
 2003-0304 (La.App. 4 Cir. 7/23/03), 853 So.2d 675.
 

 However, the State invoked the sentencing requirements under La. R.S. 14:64.3, which provides that a defendant convicted of an armed robbery using a firearm, shall be “imprisoned at hard labor
 
 *988
 
 for an additional period of five years without benefit of parole, probation or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64.” This Court held in
 
 State v. Burton,
 
 2009-0826 (La.App. 4 Cir. 7/14/10), 43 So.3d 1073, that the failure to sentence a defendant under La. R.S. 14:64.3, when the State has invoked the statute requiring the enhancement of the sentence, requires that the matter be remanded for resentencing. This Court stated in
 
 Burton:
 

 In cases where the minimum sentence was not imposed, the Second, Third, and Fifth Circuits have held that the sentences are indeterminate, requiring that the sentences be vacated and the matter remanded for resentencing according to law for clarification of whether the defendant’s sentence includes any additional punishment under La. R.S. 14:64.3.
 
 See State v. Weaver,
 
 38,322 (La.App. 2 Cir. 5/12/04), 873 So.2d 909;
 
 State v. McGinnis
 
 [2007-1419], (La.App. 3 Cir. 4/30/08), 981 So.2d 881;
 
 State v. Price,
 
 04-812 (La.App. 5 Cir. 3/1/05), 909 So.2d 612. In light of these cases, we vacate the appellant’s sentence and remand the matter remanded for resentencing.
 

 Burton,
 
 p. 3, 43 So.3d at 1076.
 

 No other patent errors were found.
 

 DISCUSSION
 

 | ¿ASSIGNMENT OF ERROR NUMBER 1
 

 In his first assignment, the defendant contends that the trial judge should have
 
 sua sponte
 
 recused herself from the defendant’s multiple bill proceedings based on the fact that she was the prosecutor in one of the cases used for enhancement. It should be noted that the defendant failed to move for recusal of the trial judge. Thus, this alleged error is waived. La. C.Cr.P. arts. 671 and 674;
 
 State v. Williams,
 
 580 So.2d 448 (La.App. 5 Cir.1991);
 
 State v. Kendrick,
 
 96-1636 (La.App. 3 Cir. 6/25/97), 699 So.2d 424.
 

 Because the defendant argues that the trial judge should have recused herself on her own motion, this alleged error will be discussed. La.C.Cr.P. art. 671 provides in pertinent part:
 

 A. In a criminal case a judge of any court, trial or appellate, shall be recused when he:
 

 (1) Is biased, prejudiced, or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial;
 

 (2) Is ... an attorney employed in the cause, or of the district attorney;
 

 (3) Has been employed or consulted as an attorney in the cause, or has been associated with an attorney during the latter’s employment in the cause;
 

 ******
 

 (5) Has performed a judicial act in the case in another court; or
 

 (6) Would be unable, for any other reason, to conduct a fair and impartial trial.
 

 These grounds are exclusive, not illustrative.
 
 In re Lemoine,
 
 96-2116, pp. 10-11 (La.1/14/97), 686 So.2d 837, 843, on rehearing, 96-2116 (La.4/4/97), 692 So.2d 358. Under La.C.Cr.P. art. 672, a judge may recuse himself, whether or not a motion has been filed, in any case in which a ground for recusation exists.
 

 The Louisiana Supreme Court discussed the issue of whether a trial court judge must recuse himself in a case in
 
 State v. Connolly,
 
 2006-0540, pp. 4-8 (La.6/2/06), 930 So.2d 951, 953-955, in which the Court stated:
 

 |(iA trial judge must step down in any case in which he is “biased, prejudiced or personally interested in the cause to
 
 *989
 
 such an extent that he would be unable to conduct a fair and impartial trial.” La.C.Cr.P. art. 671(A)(1); Offl Rev. Cm’t (“Ground (1) is the most important ground for recusation.... Recognition of bias or prejudice as a ground for recusation is in line with the basic purpose of recusation procedure,
 
 ie.
 
 to protect the defendant’s right to a fair and impartial trial.”) A trial judge must also recuse himself even in the absence of a showing of specific bias or prejudice when he “[h]as been employed or consulted as an attorney in the cause, or has been associated with an attorney during the latter’s employment in the cause-” La.C.Cr.P. art. 671(A)(3).
 

 However, this Court has not required a trial judge to recuse himself from a case on grounds that he had previously prosecuted the defendant in a prior, unrelated case, and therefore might harbor some bias or prejudice against the defendant for that reason alone, (citations omitted)- Nor has this Court required the disqualification of a judge solely on the basis of his or her coincidental employment in the District Attorney’s Office at the time the defendant was charged in a case over which the judge had no supervision or control before assuming the bench.
 
 State v. Bradford,
 
 99-0996 (La.5/14/99), 735 So.2d 619 (La.1999).... We thus declined to treat assistant district attorneys within the same office as an “association” of lawyers within a law firm for purposes of La.C.Cr.P. art. 671(A)(3) ... The result in
 
 Bradford
 
 accords with' the majority rule in other state jurisdictions that “judges are not disqualified solely on the basis that they were formerly employed by the prosecutor’s office.... [T]he judge to be disqualified must have performed some role in the case or have obtained actual knowledge of disputed evidentiary facts of the case[.]” ... Accordingly, a judge must disqualify himself
 
 sua sponte
 
 or in response to a motion to recuse only “if the facts exist tying the judge to personal knowledge of disputed evidentiary facts concerning the proceeding, some supervisory role over the attorneys who are prosecuting the case, or some role in the investigation and prosecution of the case during the judge’s former employment.” (citations omitted).
 

 In
 
 State v. Turner,
 
 2010-0038 (La.App. 4 Cir. 9/29/10), 50 So.3d 836, writ
 
 denied,
 
 2010-2383 (La.2/25/11), 58 So.3d 460, the defendant filed a motion to recuse the trial court judge, who had been the acting district attorney, when the matter was allotted to the section to which the trial court judge was later elected. The motion to recuse was denied on the basis that there was no evidence presented that the trial court judge could not be fair and impartial. This Court found that there was no abuse of discretion in the denial of the motion to recuse. The Court 17noted that there was no evidence to indicate that the trial judge had any direct involvement in the defendant’s case at the time the case was allotted.
 

 In the present case, the defendant relies upon this Court’s decision in
 
 State v. Williams,
 
 2000-0011 (La.App. 4 Cir. 5/9/01), 788 So.2d 515, in which the defendant sought to have the trial court judge removed because she had been employed with the district attorney’s office while the defendant’s case had been considered. This Court noted that there was no evidence that the trial court judge had any direct connection with defendant’s case while employed by the district attorney’s office. The Court recognized that the judge was employed as an assistant district attorney at some point while defendant’s case was being considered for prosecution by the district attorney’s office and
 
 *990
 
 at the time defendant was indicted. This Court stated that the trial court judge should have recused herself but found the failure to recuse was harmless error. It should be noted that this Court’s decision in
 
 Williams
 
 was rendered before the Supreme Court’s decision in
 
 Connolly
 
 in which the Supreme Court stated that it will not “treat assistant district attorneys within the same office as an ‘association’ of lawyers within a law firm for purposes of La.C.Cr.P. ai't. 671(A)(3).” Thus, we find that the Williams decision would be decided differently today in light of
 
 Connolly.
 

 In the case at bar, the defendant contends that the trial court judge should have recused herself from the multiple offender hearing because she was one of the prosecutors assigned to Section “G” at the time of one his prior offenses. The defendant relies upon the trial judge’s statement at the suppression hearing, after reviewing certified copies of the defendant’s prior convictions provided by the State. The trial judge stated:
 

 |SI see that Mr. Kennedy’s — one of his prior felony convictions is out of Section “G” of Criminal District Court at a time period when I was a prosecutor in Section “G” of Criminal District Court. I don’t know for certain that I participated in Mr. Kennedy’s prosecution for that offense.
 

 The minute entry from one of the defendant’s guilty pleas submitted at the multiple offender hearing reveals that the trial judge was one of two assistant district attorneys assigned to Section “G” on the day that the defendant pled guilty. The docket master for the prior offense indicates that the defendant pled guilty three days after the filing of the bill of information. The alleged crime took place in March 1998. The bill of information was filed on June 1, 1998, and the defendant pled guilty on June 4,1998.
 

 La.C.Cr.P. article 671(A)(3) provides that a trial judge shall be recused when he or she “[h]as been employed or consulted as an attorney in the cause.” There are no allegations that the trial judge has been involved in the present case as an attorney. The defendant’s sole argument for recusal is that the trial judge was one of the assistant district attorneys assigned to Section “G” at the time of his guilty plea. The “cause” referenced in the codal article refers to the case presently being litigated, not a prior case.
 

 In addition, the case in which the defendant pled guilty occurred over ten years ago, and he pled guilty within four days of the bill of information being filed and assigned to Section “G.” The defendant has made no allegations or presented evidence that the trial judge was involved in the plea negotiations.
 

 Accordingly, the trial judge was not required to recuse herself from conducting the multiple offender hearing. This assignment is without merit.
 

 ASSIGNMENT OF ERROR NUMBER 2
 

 |9The defendant further argues that his trial counsel was ineffective for failing to file a motion to recuse the trial judge from the multiple offender proceedings.
 

 Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post-conviction relief, filed in the trial court where a full evidentiary hearing can be conducted.
 
 State v. Prudholm,
 
 446 So.2d 729 (La.1984);
 
 State v. Johnson,
 
 557 So.2d 1030 (La.App. 4 Cir.1990);
 
 State v. Reed
 
 483 So.2d 1278 (La.App. 4 Cir.1986). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal.
 
 See State v. Green,
 
 562 So.2d 35 (La.App. 3 Cir.1990);
 
 State v. Seiss,
 
 428 So.2d 444 (La.
 
 *991
 
 1983);
 
 State v. Ratcliff,
 
 416 So.2d 528 (La.1982);
 
 State v. Garland,
 
 482 So.2d 138 (La.App. 4 Cir.1986);
 
 State v. Landry,
 
 499 So.2d 1320 (La.App. 4 Cir.1986).
 

 The defendant’s claim of ineffective assistance of counsel is to be assessed by the two part test of
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);
 
 State v. Fuller,
 
 454 So.2d 119 (La.1984). The defendant must show that counsel’s performance was deficient and that the deficiency prejudiced the defendant. Counsel’s performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the “counsel” guaranteed to the defendant by the Sixth Amendment.
 
 Strickland,
 
 466 U.S. at 686, 104 S.Ct. at 2064. Counsel’s deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.”
 
 Strickland,
 
 466 U.S. at 693, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal.
 
 State v. Sparrow,
 
 612 So.2d 191, 199 (La.App. 4 Cir.1992).
 

 As stated above, the defendant has shown no basis for the trial judge’s recusal from the multiple offender proceedings. Thus, there was no basis for defendant’s trial counsel to file a motion to recuse. Defendant’s counsel was not ineffective for failing to file a motion to recuse the trial judge. This assignment is without merit.
 

 CONCLUSION
 

 Based upon applicable law and jurisprudence we affirm the defendant’s conviction. However, we vacate the defendant’s sentence and remand the matter for resen-tencing.
 

 CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING
 

 [1]
 

 . The defendant was also charged in the bill of information with possession of a firearm by a convicted felon but the State did not proceed to trial on that count.