NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-616

STATE OF LOUISIANA

VERSUS

JAMES D. FLEMONES

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-2011-580
HONORABLE MARTHA A. O'NEAL, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Jimmie C. Peters, J. David Painter, and James T. Genovese, Judges.

CONVICTION AFFIRMED;
SENTENCE VACATED; AND
REMANDED FOR RESENTENCING
WITH INSTRUCTIONS.

David W. Burton District Attorney
Thirty-Sixth Judicial District, Parish of Beauregard
P. O. Box 99
DeRidder, LA  70634
COUNSEL FOR THE STATE OF LOUISIANA

Annette Roach
Louisiana Appellate Project
P. O. Box 1747
Lake Charles, LA  70602-1747
COUNSEL FOR DEFENDANT/APPELLANT:
    James D. Flemones

**PAINTER, Judge.**

Defendant, James D. Flemones, appeals his conviction and sentence for driving while intoxicated (DWI), fourth offense. We affirm the conviction but vacate the sentence because the record does not clearly state Defendant's sentence. Accordingly, the matter is remanded for resentencing.

## FACTS AND PROCEDURAL HISTORY

Defendant, James D. Flemones, was charged with driving while intoxicated (DWI), fourth offense, a violation of La.R.S. 14:98, on November 2, 2011. He previously pled guilty to DWI on August 21, 2003, in Calcasieu Parish. Defendant also pled guilty to DWI, second offense, on December 17, 2003, in Beauregard Parish. On September 6, 2006, Defendant pled guilty to DWI, third offense, in Beauregard Parish. His counsel at that plea hearing was Martha Ann O'Neal, who later became a district judge in Beauregard Parish.

On January 13, 2012, Defendant pled guilty to DWI, fourth offense. O'Neal, now the trial judge, accepted Defendant's plea. Neither Defendant nor his attorney objected to her presiding over the proceedings.

Defendant was sentenced to ten years at hard labor to run consecutively to his sentence for third offense DWI, for which his probation was revoked. He filed a motion to reconsider sentence, alleging that he was eligible for suspension of his term of incarceration after serving three years of his sentence. The trial judge denied the motion, and this appeal followed. Defendant asserts the following assignments of error:

I. The trial judge erred in not *sua sponte* recusing herself from this case as she had previously represented James Flemones in one of the predicate offenses. In the event this court concludes the issue was not properly preserved for appellate review, [Defendant] contends [that] his trial counsel rendered ineffective assistance in failing to seek the recusal of the trial judge.

II. The trial judge erred in: 1) imposing condition of parole in the event James Flemones is released on parole; 2) ordering that [Defendant] be

placed in a specific facility; and 3) ordering that [Defendant] complete a specific treatment plan while incarcerated.

III. The trial judge erred in concluding that none of James Flemone's incarceration could be suspended and in failing to consider the issue raised in [Defendant's] Motion to Reconsider Sentence.

**DISCUSSION**

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there are errors patent that are rendered moot by our decision to vacate the sentence and remand the matter for resentencing as discussed below, and these errors will not be discussed for that reason. We also find that this decision renders moot Defendant's argument that the trial judge erred by imposing conditions of parole, ordering Defendant to be placed in a specific facility, and ordering the completion of a specific treatment plan.

*Recusal*

Defendant alleges that the trial judge erred by not recusing herself because she represented him when he pled guilty to his third DWI, a predicate offense required for this conviction. He also claims that this issue is an error patent discoverable by an inspection of the record. Finally, Defendant argues that his counsel was ineffective for failing to raise the issue of recusal. For all these reasons, Defendant claims that his plea and sentence should be set aside and that his case should be remanded for reassignment to another judge. We disagree.

Recusal is required when the judge:

[i]s biased, prejudiced, or personally interested in the cause to such an extent that [s]he would be unable to conduct a fair and impartial trial [or] . . . [h]as been employed or consulted as an attorney in the cause [or] . . . [i]s a witness in the cause.

La.Code Crim.P. art. 671(A). "A judge may recuse [her]self, whether a motion for [her] recusation has been filed by a party or not, in any case in which a ground for

2

recusation exists." La.Code Crim.P. art. 672. A defendant may request recusal by filing a written motion. La.Code Crim.P. art. 674.

In *State v. Sede*, 08-547 (La.App. 5 Cir. 2/10/09), 8 So.3d 702, *writ denied*, 09-1023 (La. 3/5/10), 28 So.3d 1006, the trial judge, prior to her election, represented the defendant at his arraignment on two counts of first degree murder. After her election, she accepted the defendant's guilty pleas and sentenced him according to his plea agreement. As in our case, the defendant in *Sede* did not file a motion to recuse or otherwise preserve the issue of recusal for appeal. The fifth circuit noted that "a guilty plea waives all non-jurisdictional defects in the proceedings prior to the plea and precludes review of such defects either by appeal or post-conviction relief." *Id.* at 705 (citing *State v. Crosby*, 338 So.2d 584 (La.1976); *State v. Gaspard*, 01-1042 (La.App. 5 Cir. 5/29/02), 820 So.2d 1095). The *Sede* court then determined that the trial judge's failure to recuse was a non-jurisdictional defect waived by the defendant by virtue of his unconditional guilty plea, even though recusal would have been required under those facts had he filed a motion.

In *State v. Kennedy*, 10-1606 (La.App. 4 Cir. 8/10/11), 73 So.3d 985, the defendant failed to file a motion to recuse. Nevertheless, the fourth circuit considered his argument that the trial judge should have recused herself *sua sponte*. The court determined that recusal was not required where the trial judge was one of two Assistant District Attorneys assigned to a particular judicial section on the day the defendant pled guilty in a prior case. According to the fourth circuit, "[t]he 'cause' referenced in [La.Code Crim.P. art. 671(A)(3)] refers to the case presently being litigated, not a prior case." *Kennedy*, 73 So.3d at 990.

Defendant next argues that the trial judge's failure to recuse herself is an error patent on the face of the record "that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." La.Code Crim.P. art. 920(2). Defendant cites *State v. Smith*, 93-1385 (La.App. 3 Cir. 4/6/94), 635

So.2d 512, in support of his position. The error patent review in *Smith*, however, indicated that the minutes of the case showed that the trial judge had represented the defendant at his arraignment in that action.

Here, the fact of Judge O'Neal's representation of Defendant is found only in the transcript of Defendant's September 6, 2006 plea and the court minutes from that date. Those items were furnished and appear in the record only as the State's response to Defendant's motion for discovery and inspection. They were not presented as exhibits or evidence to support the charge of DWI, fourth offense. In fact, at the plea hearing, Judge O'Neal asked Defendant, "[y]ou're also telling the Court that you wish to waive or give up your constitutional right against self-incrimination by admitting to the law [sic] violation of Driving While Intoxicated, Fourth Offense. Is that what you wish to do?" Defendant responded, "Yes, ma'am." Defendant's admission of guilt did not involve Judge O'Neal in any manner that implicated her prior representation of him, and it was sufficient for her to accept his plea without the support of the transcripts and minutes produced in discovery. Further, the fact that Judge O'Neal previously represented Defendant is not a fact discoverable by inspecting the pleadings and proceedings of this action. Thus, this argument lacks merit.

In his final argument regarding recusal, Defendant argues that his counsel was ineffective for failing to file a motion to recuse. The issue of ineffective counsel is more appropriately addressed in an application for post-conviction relief, where an evidentiary hearing can be conducted in the trial court. *State in the Interest of A.B.*, 09-870 (La.App. 3 Cir. 12/9/09), 25 So.3d 1012. However, where an ineffective assistance claim is raised on appeal, this court may address the merits of the claim if the record discloses sufficient evidence to rule on it. *Id.* When this court considers a claim of ineffective assistance of counsel on appeal, Defendant must satisfy a two-part test. He must first show that counsel's performance was deficient and that the

4

deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). To show prejudice, a defendant must establish "that but for counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different." *State v. Jones*, 33,657, p. 11 (La.App. 2 Cir. 8/23/00), 765 So.2d 1191, 1199, *writ denied*, 00-2779 (La. 6/29/01), 794 So.2d 825.

We find that the record in this case is sufficient to determine this issue. Defendant cites nothing in the record to suggest that Judge O'Neal could not or did not act fairly or impartially. The "cause" envisioned by La.Code Crim.P. art. 671, according to *Kennedy*, 73 So.3d 985, is the present action, not any prior case. Thus, as in *Kennedy*, we find that Defendant's trial counsel was not ineffective because no basis existed on which to file a motion to recuse. Additionally, Defendant has not shown any prejudice from the failure to recuse. The fact of Defendant's guilt of fourth offense DWI was established by his own admission. The trial judge sentenced Defendant to ten years at hard labor with three years to be imposed without benefit of suspension of sentence, probation, or parole, the minimum sentence available under La.R.S. 14:98(E)(4)(a). The record does not indicate any instance of the trial judge's prior representation that may have influenced her decision in sentencing. She was not asked to rule on the validity of any of the prior convictions. She merely accepted Defendant's guilty plea and pronounced the minimum sentence. Defendant has failed to show that he was prejudiced by his counsel's failure to file a motion to recuse; thus, he has failed to satisfy the second prong of the *Strickland* test.

Defendant waived his right to request recusal by raising the issue for the first time on appeal. The trial judge had no basis on which to recuse herself *sua sponte*. The failure to recuse is not an error patent apparent from the pleadings and proceedings in this case. Counsel was not ineffective for failing to raise recusal in the trial court.

5

Accordingly, we find that all of Defendant's arguments regarding recusal lack merit.

*Suspension of Sentence*

Defendant argues that the trial judge erroneously concluded that his sentence was not subject to suspension and that she failed to consider the issue in his motion to reconsider his sentence. The trial judge told Defendant that three years of his ten-year sentence, "as required by statute, shall be imposed without benefit or suspension of sentence, probation or parole." However, at a later point in the sentencing hearing, Defendant's counsel asked if any of the ten-year sentence would be suspended. Judge O'Neal responded: "[t]hey may not be – they shall not be according to statute. You cannot be given probation if you've already been given probation, and it has been revoked."

Defendant filed a motion to reconsider his sentence on the ground that he was eligible for suspension of his term of incarceration after serving three years of his sentence. He argued that the provisions of La.R.S. 14:98(E)(4)(b) did not apply because he had not previously been sentenced as a fourth offender and was, therefore, eligible for a suspended sentence. The trial judge denied the motion and referred to the "certain mandatory sentencing" required by La.R.S. 14:98(E)(4)(a).

In fact, La.R.S. 14:98(E)(4)(a) requires three years of a fourth offense DWI offender's sentence to be "imposed without benefit of suspension of sentence, probation, or parole" when a defendant "has previously been required to participate in substance abuse treatment and home incarceration" pursuant to Subsection D of this section. Defendant was sentenced to complete an inpatient substance abuse program and home incarceration as part of his third offense DWI sentence. Thus, he would be eligible for a suspended sentence after three years according to Subparagraph (4)(a).

Louisiana Code of Criminal Procedure Article 893(B)(2), however, allows a suspended sentence for fourth DWI convictions "only if the offender had not been

6

offered [a suspended sentence] prior to his fourth conviction of operating a vehicle while intoxicated." The provision applies "[n]otwithstanding any other provisions of law to the contrary."[1]

The record shows that Defendant was sentenced for second offense DWI to serve 180 days in jail with 165 days suspended on December 17, 2003. He was sentenced to serve five years at hard labor for third offense DWI on September 6, 2006. Two years of that sentence were suspended. Thus, while La.R.S. 14:98(E)(4)(a) would allow Defendant a suspended sentence after three years of his sentence were served, article 893(B)(2) would prohibit suspension of any portion of the sentence.

Further, the record shows that the trial judge referred to two different sentences. She originally indicated that three years, "as required by statute, shall be imposed without benefit or suspension of sentence, probation or parole." However, when defense counsel asked if any of the ten-year sentence was suspended, the trial judge responded "[t]hey may not be – they shall not be according to statute. You cannot be given probation if you've already been given probation, and it has been revoked." Thus, the record is not clear as to Defendant's actual sentence. The trial judge's comments create confusion over whether the sentence was to be subject to suspension after three years or not subject to suspension. Thus, we vacate the sentence and remand the matter for resentencing with instructions that the trial judge consider La.R.S. 14:98(E)(4)(a) and La.Code Crim.P. art. 893(B)(2).

---

[1]Defendant's brief contends that La.Code Crim.P. art. 893(B)(2), restricting probation for a fourth offense DWI conviction, only applies to third felony offenders previously afforded the benefits set forth in (B)(1). He argues that it does not apply to him because his fourth DWI conviction is only his second felony conviction. This argument succeeds only when applied to an earlier version of the statute prior to its amendment in 2010, not when applied to the present version in effect at the time of Defendant's offense.

**DECREE**

For all of the foregoing reasons, Defendant's conviction for fourth offense DWI is affirmed. The sentence, however, is vacated and the matter is remanded for resentencing.

**CONVICTION AFFIRMED; SENTENCE VACATED; AND REMANDED FOR RESENTENCING WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.