315 So.2d 632 (1975)
STATE of Louisiana
v.
Terry G. MORGAN.
No. 55942.
Supreme Court of Louisiana.
June 23, 1975.
*634 Lawrence J. Genin, Chauppette, Genin, Mendoza & Parent, Marrero, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Jacob Amato, Asst. Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Div., Keith S. May, Research Atty., Research and Appeals Div., for plaintiff-appellee.
DIXON, Justice.
Terry G. Morgan was charged by bill of information with the crime of armed robbery in violation of R.S. 14:64. The defendant was tried by a jury, found guilty as charged and sentenced to fifteen years imprisonment at hard labor without benefit of parole, probation or suspension of sentence. He perfected ten bills of exceptions, which he has consolidated into eight arguments in his brief.
Bills of Exceptions Nos. 1, 2 and 3
The defendant contends that he has been denied his right to trial by an impartial jury guaranteed him by Article 1, § 9, La.Const.1921 (the Constitution in effect at the time of his trial) because certain prospective jurors who were subpoenaed as veniremen were absent without being excused by the trial court. The defendant attacks the failure of the trial judge to stay the proceedings until such time as the absent jurors could have been attached, since the jurors could potentially have been advantageous to the defense. There is no merit to this argument.
C.Cr.P. 783 provides:
". . . The court, either on its own motion, or that of the state or a defendant,may order the attachment of an absent and unexcused petit jury venireman." (Emphasis added).
The article is clearly discretionary. Official Revision Comment (c) states that the purpose of the article is to prevent unexcused absences to such an extent that the selection of tales jurors becomes necessary. Such was not the case here as only three veniremen were absent. The jurisprudence construing article 783 is well established that the defendant in a criminal trial has no right to demand attachment of absent jurors when a sufficient number to form a panel is present. See State v. Witherspoon, 292 So.2d 499 (La.1974). Nor has defendant shown any evidence of material prejudice resulting from the failure to attach the absent veniremen.
Bills of Exceptions Nos. 4 and 7
The defendant alleges in these bills of exceptions that there was a break in the chain of evidence regarding some photographs because there was no testimony as to the dates of taking the photographs and developing them. It is the defendant's contention that the officer who took and developed the photographs should have been required to testify as to the dates on which he did these things.
A review of the transcript attached to the bills shows this argument to be without merit. The photographer himself did not testify. However, the photographs were taken under the direct supervision of Officer Cochran, who testified that the pictures were taken at the scene of the alleged crime, and on the night that the crime allegedly occurred.
In State v. Browning, 290 So.2d 322 (La.1974), this court held that it is not necessary for the photographer who took *635 the pictures to verify them. In State v. Jefferson, 284 So.2d 882 (La.1973), this court held that photographs were correctly admitted, despite lack of evidence as to who had developed them, when they accurately depicted the subject matter. The sufficiency of verification of a photograph for purposes of admissibility is largely within the discretion of the trial judge. State v. Fox, 251 La. 464, 205 So.2d 42 (1967). The trial judge found that there was sufficient evidence from Officer Cochran to indicate that he had directed the taking of the photographs at the scene, and that the photographs depict what he actually saw the night of the alleged crime, and thus overruled the objection. No abuse of discretion was shown.
These bills are without merit.
Bill of Exceptions No. 5
Defendant moved for a mistrial during the State's case when, during a short recess, but in front of the jury, the prosecutor approached a police officer who was on the witness stand and discussed the case with him.
When the judge returned to the courtroom, the jury was removed and it was disclosed that the district attorney had discussed with the witness the existence of fingerprints and tape on the gun involved in the crime.
The lawyers involved in cases have a right to discuss the case with witnesses. There is no showing that the discussion was heard by the jury, nor was there any impropriety demonstrated in the discussion. The defendant was not entitled to a mistrial. C.Cr.P. 770 is not applicable; nor was the conduct complained of "prejudicial conduct" which made it impossible for the defendant to obtain a fair trial. C.Cr.P. 775.
There is no merit to the bill.
Bill of Exceptions No. 6
This bill was reserved to the redirect examination of a State's witness; the defendant argues that the redirect went beyond the scope of the cross-examination by the defense.
R.S. 15:281 limits the scope of redirect examination, but places the application of the rule within the discretion of the trial judge:
"The redirect examination must be confined to the subject matter of the cross examination and to the explanation of statements elicited on cross-examination; but the application of this rule is within the discretion of the trial judge, provided that the opportunity be not denied to recross on the new matter brought out on the redirect."
The record does not support the defense contention that the redirect examination exceeded the scope of the cross-examination. At any rate, there is no showing that the trial judge abused his discretion in overruling the objection.
Bill of Exceptions on Motions to take Depositions
Defendant alleges that he was denied his right to confront witnesses against him in contravention of his rights under the Sixth Amendment of the United States Constitution and Article 1, § 9, La.Const. of 1921. The basis of the allegation is that the trial court denied his motion to take depositions of prosecution witnesses.
In his per curiam to this bill, the trial judge characterized the defendant's motion to take depositions as a motion for pretrial discovery seeking the names of State witnesses. The trial judge states that the confrontation secured to defendant is confrontation at the trial itself, and not prior thereto. The judge also points out that the defendant's right to compulsory process was at no time violated as the *636 court was ready at all times to use compulsory process to obtain the defendant's witnesses upon the defendant's request. There is no statutory basis for the discovery sought by defendant; he does not complain that he was prevented from examining witnesses prior to trial. He was not entitled to take their depositions.
This bill is without merit.
Bill of Exceptions on Motion for a New Trial and Motion in Arrest of Judgment
The defendant attacks the constitutionality of the nine-three verdict provisions of Louisiana law, provided in C.Cr.P. 782. This question has been settled adversely to the defendant by the United States Supreme Court in Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), wherein the nine-three verdict provision was specifically upheld.
The motion for new trial also argued that the verdict was contrary to law and evidence in that the evidence adduced at the trial was not sufficient in law to support a verdict of guilty as charged. There is no merit to this contention. The police had a tip that this drug store would be robbed; there were police officers outside the store who watched the entire robbery and who arrested the defendant and his partner immediately after they left the store with the stolen goods on their persons. Police and other eyewitnesses testified as to the occurrence and the identification of the defendant.
Bill of Exceptions on Motion to Set Aside the Petit Jury
The defendant alleges that he was denied his right to a fair and impartial jury because (1) women were excluded from the venires unless they specifically waived their exemption; (2) eighteen to twenty-one year olds were allegedly excluded from the venire; (3) C.Cr.P. 403, § 1, allows occupational and disability exemptions from jury duty. The defendant presents no evidence of the systematic exclusion of eighteen to twenty-one year olds from the venire. In his per curiam the trial judge states that there were in fact members of the petit jury venire who were between those ages. Nevertheless, absent a showing of systematic exclusion of this group, the venire must be upheld. See State v. McKinney, 302 So.2d 917 (La.1974).
As to the exclusion of women, in Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), the United States Supreme Court held that the Louisiana procedure questioned by the defendant was unconstitutional. However, in Daniel v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975), the court held that Taylor was prospective only. This court applied the Daniel holding in State v. Rester, 309 So.2d 321 (La.1975).
Finally, this court has upheld the constitutionality of C.Cr.P. 403 on several occasions. See State v. Rollins, 271 So.2d 519 (La.1973).
The conviction and sentence are affirmed.