982 So.2d 260 (2008)
STATE of Louisiana, Appellee
v.
Johnny Ray JOHNSON, Appellant.
No. 43,302-KA.
Court of Appeal of Louisiana, Second Circuit.
April 30, 2008.
*261 Louisiana Appellate Project, by James Edward Beal, Jonesboro, for Appellant.
Johnny Ray Johnson, pro se.
Paul Joseph Carmouche, District Attorney, John Ford McWilliams, Jr., Karelia A. Stewart, Brady O'Callaghan, Damon D. Kervin, Assistant District Attorneys, for Appellee.
Before PEATROSS, DREW and LOLLEY, JJ.
DREW, J.
Johnny Ray Johnson was convicted of possession of cocaine, adjudicated as a fourth felony habitual offender, and sentenced to a term of life imprisonment without benefits. He appeals. We affirm.

FACTS
On January 20, 2006, police officers arrived at a domestic disturbance. The apparent victim, who was bleeding profusely from her nose and mouth, directed their attention to the defendant, who was walking away from the scene. When the defendant was apprehended, he refused an order to remove his hands from his pockets and passively resisted as the officers secured his hands behind his back. After the officers conducted a pat down for safety, revealing no weapons, the defendant was put inside the patrol unit.
The defendant, who appeared to be very intoxicated, was advised of his Miranda rights, after which he became belligerent and cursed the officers. He was arrested for the crime of aggravated battery. La. R.S. 14:34. During an administrative search at the city jail, the jailer found a rock of cocaine in one of the defendant's shoes. He was charged with possession of *262 a Schedule II controlled dangerous substance, cocaine. La. R.S. 40:967(C).

PROCEDURAL HISTORY
The defendant was convicted at jury trial of possession of cocaine. He was subsequently adjudicated as a fourth felony offender and sentenced to serve a term of life imprisonment without benefit of probation or suspension of sentence. Timely motions to reconsider sentence were denied.
Because the record was silent as to whether the trial court ruled on a motion for post-verdict judgment of acquittal, this court, in State v. Johnson, 42,508 (La. App.2d Cir.7/18/07), 2007 WL 2043583, an unpublished opinion, vacated the sentence and remanded for further proceedings.
The trial court denied the motion for a post-verdict judgment of acquittal, resentencing defendant to a term of life imprisonment, without benefits.

SENTENCING
At resentencing, the learned trial court referenced:
 the procedural history and sentencing range of this case;
 the detailed reasons for sentencing assigned at the previous sentencing proceeding held on August 31, 2006;
 the facts of the instant case;
 the defendant's criminal history report indicating he has been arrested 59 times (20 felonies, 39 misdemeanors);[1]
 defendant's eight felony convictions, including this instant matter;
 defendant's 35 misdemeanor convictions;
 the 2006 testimony of Rev. Melvin Gerard, who had counseled Johnson and felt that the defendant was seeking Christ wholeheartedly;
 the defendant's "decades of dozens and dozens of criminal arrests and convictions," and his "pattern of criminality since 1974";
 its cognizance of the defendant's attitude and use of profanity directed at the police officers at his arrest for domestic violence; and
 the appropriateness of the habitual offender law in situations such as these.
The trial court then sentenced the defendant to serve a term of life imprisonment at hard labor, without benefits.

I. EXCESSIVENESS
Our law on excessiveness is well settled.[2]
*263 Defendant argues that a life sentence is grossly disproportionate to the severity of this particular crime because he is 50 years old and eight of his felony convictions were nonviolent. He asserts that the trial court focused less on mitigating factors and more on the violent nature of a crime for which the defendant was not convicted (aggravated battery). Defendant feels that he was unduly punished because he cursed his arresting officers.
To support his request that we vacate and remand, defendant cites inapplicable cases not involving sentencing of an habitual offender.
Application of Law and Facts
The defendant was adjudicated as a fourth felony offender pursuant to La. R.S. 15:529.1, which penalty in La. R.S. 15:529.1(A)(1)(c)(i) calls for imprisonment "for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life."
The record clearly supports the imposition of a life sentence for this offender and offense. If anyone deserves a life sentence, it is this defendant.
This record reflects no abuse of discretion.

II. INAPPROPRIATE VOIR DIRE
Defendant is aggrieved by a prosecutor's question during voir dire:
"So, if the Defendant doesn't testify in this matter and I prove my case beyond a reasonable doubt that he was in possession of a substance which is cocaine and he knowingly had it, could you-all still find him guilty beyond a reasonable doubt even though he doesn't testify?"
Defendant complains that:
 even though all prospective jurors were asked whether or not they could vote guilty, if the state proved its case, even though the defendant didn't take the stand, there was no inquiry as to whether they could vote not guilty if the defendant did not testify; and
 this error was too grave to be considered harmless error, asking that the conviction be set aside and the matter remanded for a new trial.
The state argues that:
 there was no contemporaneous objection, citing La. C. Cr. P. art. 841;
 new legal arguments cannot be asserted for the first time on appeal;
*264  in context, the question is not objectionable; and
 none of the defendant's cited cases resulted in reversible error.
Application of Law and Facts
The state correctly argues that a trial error cannot be availed of after verdict unless it was objected to at the time of occurrence. La. C. Cr. P. art. 841; State v. Smith, 39,698 (La.App.2d Cir.6/29/05), 907 So.2d 192.
It is difficult for a trial court to correct something that is not called to its attention. This alleged error is not properly before this court for review.

III. RETROACTIVE ENTITLEMENT TO LESSER SENTENCE
Defendant argues his entitlement to benefit from the recent enactment of La. R.S. 15:308, which arguably authorizes the retroactive application of La. R.S. 15:529.1(A)(1)(c)(ii)'s penalty provision to his circumstances.
We find that the defendant is not eligible to receive the benefits of R.S. 15:308. He incorrectly argues that he was sentenced under the provisions of La. R.S. 15:529.1(A)(1)(c)(ii), which was amended in 2001 to be less harsh. Under that amendment, the fourth felony and two of the prior qualifying felonies, as opposed to the fourth felony and any one of the qualifying felonies, are required to qualify for the imposition of a life sentence. The defendant further contends that only one of his prior felonies can be utilized by the state, in seeking to qualify him for a life sentence. He cites La. R.S. 15:308 and La. R.S. 15:529.1(A)(1)(c)(i), desiring benefit of the ameliorative change to drastically reduce his sentencing exposure.
Application of Law and Facts
The defendant is incorrect in asserting that he was sentenced under the provisions of La. R.S. 15:529.1(A)(1)(c)(ii). That statute is inapplicable here because two of the prior felonies are not felonies defined as:
 a crime of violence under La. R.S. 14:2(B),
 a sex offense as defined in La. R.S. 15:540, et seq., when the victim is under the age of 18 at the time of commission of the offense,
 a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for 10 years or more, or
 of any other crime punishable by 12 years or more, or any combination of such crimes.
Defendant was adjudicated as a fourth felony offender based upon the instant offense (possession of a Schedule II controlled dangerous substance, cocaine) and three prior felonies (felony theft, simple burglary, and unauthorized use of a movable). The trial court used the correct sentencing provision, La. R.S. 15:529.1(A)(1)(c)(i), which calls for imprisonment "for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life."
Accordingly, defendant's premise upon which he bases his sentencing argument is incorrect. He is entitled to no relief from this court.

DECREE
The defendant's conviction and sentence are AFFIRMED.
NOTES
[1] Perhaps the defendant was hanging around with the wrong crowd. Perhaps he was the wrong crowd.
[2] The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show, as it does here, that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, XXXX-XXXX (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La. App.2d Cir.1/28/04), 865 So.2d 284, writs denied, XXXX-XXXX (La.3/11/05), 896 So.2d 57 and 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.04/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.06/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.

Second, a sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La. 1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir. 1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La. App.2d Cir.4/2/97), 691 So.2d 864.
A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.