998 So.2d 55 (2008)
STATE of Louisiana
v.
Terry HARRIS.
No. 2008-KK-2117.
Supreme Court of Louisiana.
December 19, 2008.
*56 PER CURIAM.
Writ granted. The right to confrontation contained in the United States and the Louisiana Constitutions is not implicated in this pre-trial matter. Even though the Sixth Amendment of the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[,]" the United States Supreme Court has specifically rejected confrontation clause claims in pre-trial proceedings. See United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). Similarly, although La. Const. art. I, § 13 recognizes the right of a defendant to confront his accuser, the confrontation that this article secures is confrontation at the trial, not prior thereto. State v. Badon, 338 So.2d 665, 669 (La. 1976); State v. Morgan, 315 So.2d 632, 635 (La.1975); see also, State v. Whitsell, 262 La. 165, 262 So.2d 509, 510 (1972); State v. Wright, 254 La. 521, 225 So.2d 201, 204 (La.1969); State v. McNair, 597 So.2d 1096, 1103 (La.App. 2 Cir.), writ denied, 605 So.2d 1113 (La.1992). Therefore, we overrule our per curiam opinion in State v. Conerly, 08-2024 (La.8/27/08), 989 So.2d 84, only to the extent it conflicts with our earlier pronouncements in Badon and Morgan.
The Louisiana Constitution also protects the rights of victims of crime to refuse to be interviewed by the accused. La. Const. art. I, § 25. La.Rev.Stat. § 46:1844(C)(3) provides that a defendant must show "good cause" at a contradictory hearing with the district attorney why a crime victim should be subpoenaed to testify at any pre-trial hearing. In the present case, we hold that on the showing made, the defendant has failed to establish that there was a substantial likelihood of misidentification as a result of the identification procedure utilized. State v. Brown, 03-0897 (La.4/12/05), 907 So.2d 1, 16. Consequently, the rulings of the trial court and court of appeal ordering the victim to testify at the motion to suppress hearing in this matter are reversed. The case is remanded to the district court for further proceedings.