In re State of Louisiana; — Plaintiff; Applying For Supervisory and/or Remedial Writs, Parish of Orleans, Criminal District Court Div. H, No. 486-802; to the Court of Appeal, Fourth Circuit, No. 2009-K-1306.
 

 Granted. A preliminary examination after the filing of a bill of information does not determine the validity of the charge brought against a defendant; instead, it determines whether there is probable cause to deprive him of his liberty pending trial.
 
 See State v. Jenkins,
 
 338 So.2d 276 (La.1976). Although the State is not required to produce witnesses for the preliminary examination, see La.Code Crim. Proc. art. 294, it does bear the burden of establishing probable cause. Thus, where the evidence adduced at the preliminary examination fails to disclose probable cause to charge the defendant with the offense or with a lesser included offense, the court shall order his release from custody or bail pursuant to La. Code Crim. Proc. art. 296.
 
 State v. Sterling,
 
 376 So.2d 103, 104-05 (La.1979). In this case, “good cause” has not been established pursuant to La.Rev.Stat. 46:1844(0(3) to compel the victim to submit to cross-examination at the preliminary examination to determine probable cause.
 
 See State v. Harris,
 
 08-2117 (La.12/19/08), 998 So.2d 55;
 
 see also State v. Conerly,
 
 08-2024 (La.8/27/08), 989 So.2d 84. Consequently, the rulings of the district court and the court of appeal ordering the victim to testify at the preliminary examination in this matter are reversed. The case is remanded to the district court for further proceedings.