PER CURIAM.
 

 Writ granted. The right of confrontation contained in the United States and the Louisiana Constitutions is not implicated in this pre-trial matter.
 
 See State v. Harris,
 
 08-2117, p. 1 (La.12/19/08), 998 So.2d 55, 56. Moreover, the Louisiana Constitution protects the rights of victims of crime to refuse to be interviewed by the accused. La. Const, art. I, § 25. Accordingly, La. Rev.Stat. § 46:1844(0(3) provides that a defendant must show “good cause” at a contradictory hearing with the district attorney why a crime victim should be subpoenaed to testify at any pre-trial hearing.
 

 On the showing made, the defendant has failed to establish a substantial likelihood of misidentification as a result of the identification procedures used that would justify the production of the victims/witnesses at the preliminary hearing.
 
 See State v. Harris,
 
 08-2117, p. 2, 998 So.2d at 56. Contrary to the defendant’s assertions, the testimony of the police officers as to the identification procedures used and the descriptions given by the victims/witnesses is generally admissible at a preliminary hearing to determine the admissibility of an out-of-court identification. La.Code Evid. arts. 104(A) and 1101(C)(1);
 
 State v. Shirley,
 
 08-2106, pp. 5-7 (La.5/5/09), 10 So.3d 224, 228-29. Consequently, the ruling of the district court ordexdng the victims/witnesses to testify at the motion to suppress hearing in this matter is reversed. The case is remanded to the district court for further proceedings.