HILLARY J. CRAIN, Judge Pro Tem.
 

 |20n October 24, 2006, defendant, Tim Price, was charged by bill of information with possession of cocaine in excess of 28 grams, a violation of LSA-R.S. 40:967 F. At the October 27, 2006 arraignment, defendant pled not guilty. He then filed motions to suppress a statement and to suppress evidence, both of which were denied on March 19, 2007. The matter proceeded to trial before a twelve person jury, which, on March 23, 2007, found defendant guilty as charged.
 

 On June 29, 2007, the trial court sentenced defendant to twenty-five years imprisonment at hard labor. The State thereafter filed a multiple offender bill of information alleging defendant to be a fourth felony offender. On October 16, 2008, the court adjudicated defendant a fourth felony offender, vacated the previously imposed sentence, and resentenced defendant as a multiple offender to thirty-five years imprisonment at hard labor, without benefit of probation or suspension of sentence. On February 24, 2010, the trial court granted defendant’s motion for out-of-time appeal.
 

 |
 
 ^ASSIGNMENT OF ERROR NUMBER ONE
 

 In his first assigned error, defendant challenges the trial court’s denial of his motions to suppress evidence and statement. The facts as presented in the motion to suppress hearing are as follows:
 

 In October of 2006, Detectives Shane Klein and Eric Dufrene of the Jefferson Parish Sheriffs Office Narcotics Division participated in a narcotics investigation that led to the arrest of defendant. According to Detective Klein, he received information from a confidential informant that defendant was selling crack cocaine in Marrero and that defendant drove two different vehicles when delivering the cocaine. The confidential informant also gave Officer Klein a physical description of defendant and pointed defendant out in a photograph. Based on the information received, Detective Klein arranged for the confidential informant to make a controlled buy of crack cocaine from defendant at a convenience store on Fourth Street in Marrero.
 

 On October 6, 2006, the officers set up surveillance at the convenience store and waited for defendant to arrive. From his surveillance position, Detective Dufrene observed defendant drive into the parking lot in a white Toyota Tundra, one of the vehicles described by the confidential informant. Shortly after defendant’s arrival, Detective Dufrene observed a white male enter the front passenger side of the vehicle and start exchanging objects with defendant. After a short time, this individual exited the vehicle and walked away. Detective Dufrene then observed the confidential informant approach the vehicle and enter the front passenger side. The officer observed defendant and the confidential informant engage in a hand-to-hand transaction. The confidential informant exited the car, 14and defendant drove out of the parking lot. Officer Dufrene followed defendant, never losing sight of him.
 

 In the meantime, the confidential informant met Detective Klein and provided the officer with the contraband that was just purchased from defendant. The confidential informant told the officer that
 
 *500
 
 there was another white male subject
 
 [1]
 
 inside the vehicle and that defendant had a large quantity of crack cocaine. Detective Klein immediately advised Detective Du-frene and other assisting officers of the information received from the confidential informant.
 

 Pursuant to the information received, Detective Dufrene stopped the Toyota Tundra in the 1100 block of Oak Street and asked the occupants to exit. Once they exited, the officer closed the doors of the truck to make sure no one had access to it. Detective Dufrene then illuminated the interior of the vehicle with his flashlight, at which time he observed a large plastic bag of off-white rocks that looked like crack cocaine. Officer Dufrene testified that the bag was in the middle of the back seat in plain view. In the meantime, Detective Klein had arrived and conducted a field test on the substance which proved positive for cocaine. Both individuals were then advised of their
 
 Miranda
 
 rights, placed under arrest, and transported to the detective bureau. Detective Klein spoke to defendant at the detective bureau, and defendant verbally admitted that the cocaine in the truck was his.
 

 After listening to the evidence presented at the hearing, the trial judge denied defendant’s motion to suppress evidence as well as his motion to suppress statement. Defendant now challenges this denial. Defendant specifically contends that the trial court erred in denying these motions because “police were allowed to |5testify regarding his alleged interaction with a confidential informant” at the suppression hearing. He asserts that because the police were allowed to testify regarding defendant’s interaction with an informant at the motion hearing, the State violated his right to confront and cross-examine his accusers under
 
 Crawford v. Washington,
 
 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). In his brief, defendant further argues that the informant’s identity was not disclosed nor was the informant’s information proven to be reliable, and that but for the informant’s tip, police would have had no reason to stop defendant.
 

 In this assigned error, defendant’s argument focuses on the alleged violation of his right to confront and cross-examine his accusers. The Sixth Amendment of the United States Constitution provides that in all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him. The Louisiana Supreme Court has held that the defendant’s constitutional confrontation rights are not affected by questioning at a motion hearing. In
 
 State v. Harris,
 
 08-2117 (La.12/19/08), 998 So.2d 55, 56, the Supreme Court specifically held that “[t]he right to confrontation contained in the United States and the Louisiana Constitutions is not implicated in this pre-trial matter.” The Supreme Court has reaffirmed this principle on several occasions.
 
 See State v. Taylor,
 
 09-2341 (La.2/5/10), 26 So.3d 776;
 
 State v. Weathersby,
 
 09-2407 (La.3/12/10), 29 So.3d 499, 501.
 

 Given the fact that the Confrontation Clause is not implicated at a motion hearing, there is no merit to defendant’s argument that the State violated his right to confront and cross-examine his accusers because the police were allowed to testify regarding defendant’s interaction with an informant. Moreover, we note that at trial, there was no reference to a confidential informant. In particular, the |fiState and
 
 *501
 
 the defense agreed before trial that the officers would not testify with regard to any police interaction with the informant.
 

 As part of this assignment, defendant also complains that the informant’s identity was not disclosed nor was the informant’s information proven to be reliable. In the present case, defendant never raised this issue either at trial or at the suppression hearing. In fact, at the suppression hearing, defendant did. not object to the officers’ testimony and further did not object to the confidential informant’s reliability or to the informant’s name not being disclosed. LSA-C.Cr.P. art. 841 provides that an irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. Since defendant did not object, he failed to preserve this alleged error for appellate review.
 

 Based on the foregoing discussion, we find that the arguments raised by defendant with regard to the trial court’s denial of his motions to suppress evidence and statement are without merit.
 

 ASSIGNMENT OF ERROR NUMBER TWO
 

 On appeal, defendant also challenges the trial court’s denial of his motion to continue the trial. Defendant specifically argues that because of the denial of the continuance, counsel did not have adequate time to prepare or to familiarize himself with the facts of the case, and as a result, he received ineffective assistance of counsel.
 

 Defense counsel filed a motion to continue on March 15, 2007. Defense counsel noted that he had been appointed Traffic Hearing Officer in Second Parish Court for March 2007. Defense counsel argued in the motion that his appointment prohibited him from being able to go forward with the trial. Additionally, defense counsel noted that his co-counsel would be “unavoidably out of the area.” On March 19, 2007, the trial court denied the motion, noting that the court would work |7with defense counsel with respect to the traffic hearing officer position and that he was not even aware that co-counsel was involved in the case because defense counsel was the only party who had made appearances on behalf of defendant. Defense counsel filed an application for writs, which this Court denied on March 21, 2007.
 
 State v. Price,
 
 07-197 (La.App. 5 Cir. 3/21/07). Defendant now raises this issue on appeal.
 

 Under the doctrine of “law of the case,” an appellate court will generally refuse to reconsider its own rulings of law on a subsequent appeal in the same case. However, the appellate court’s denial of supervisory writs does not bar reconsideration of an issue on appeal, nor does it prevent the appellate panel from reaching a different conclusion on the issue.
 
 State v. Bozeman,
 
 06-679 (La.App. 5 Cir. 1/30/07), 951 So.2d 1171, 1174. Reconsideration is warranted when, in light of a subsequent trial court record, it is apparent that the determination was patently erroneous and produced unjust results.
 
 State v. Williams,
 
 05-318 (La.App. 5 Cir. 1/17/06), 921 So.2d 1033, 1035,
 
 unit denied,
 
 06-0973 (La.11/3/06), 940 So.2d 654.
 

 In the present appeal, defendant has produced no new arguments or evidence to show that this Court’s prior disposition was patently erroneous and produced unjust results. Accordingly, we decline to revisit this issue on appeal.
 

 ASSIGNMENT OF ERROR NUMBER THREE
 

 In this assignment of error, defendant challenges the sufficiency of the evidence used to convict him of possession of
 
 *502
 
 cocaine. Defendant specifically contends that the State failed to prove possession as well as the weight of the cocaine.
 

 The standard for review of the sufficiency of the evidence on appeal is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The evidence may either be direct or circumstantial. When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 provides that “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” This is not a separate test from the
 
 Jackson
 
 standard but rather provides a helpful basis for determining the existence of reasonable doubt. Both the direct and circumstantial evidence must be sufficient to support the conclusion that defendant is guilty beyond a reasonable doubt.
 
 State v. Henry,
 
 08-658 (La.App. 5 Cir. 10/27/09), 27 So.3d 935, 942,
 
 unit denied,
 
 09-2485 (La.4/23/10), 34 So.3d 269.
 

 In order to support a conviction for possession of cocaine pursuant to LSA-R.S. 40:967, the State must prove beyond a reasonable doubt that the defendant was in possession of the cocaine and that he knowingly possessed it.
 
 State v. Walker,
 
 03-188 (LaApp. 5 Cir. 7/29/03), 853 So.2d 61, 65,
 
 writ denied,
 
 03-2343 (La.2/6/04), 865 So.2d 738. The element of possession may be proven by showing that the defendant exercised either actual or constructive possession of the cocaine.
 
 State v. Jones,
 
 08-20 (LaApp. 5 Cir. 4/15/08), 985 So.2d 234, 241. A person is in actual possession when the person has an object in their possession or on their person in such a way as to have direct physical contact with and control of the object.
 
 State v. Bright,
 
 03-489 (La.App. 5 Cir. 10/28/03), 860 So.2d 196, 205,
 
 unit denied,
 
 03-3409 (La.4/2/04), 869 So.2d 875.
 

 A person who is not in physical possession of narcotics may have constructive possession when the drugs are under his dominion and control.
 
 State v. Manson,
 
 01-159 (La.App. 5 Cir. 6/27/01), 791 So.2d 749, 761,
 
 writ denied,
 
 01-2269a (La.9/20/02), 825 So.2d 1156. A determination of whether there is “possession” sufficient to convict depends on the peculiar facts of each case. Factors to be consid ered in determining whether a defendant exercised dominion and control sufficient to constitute constructive possession include his knowledge that drugs were in the area, his relationship with the person found to be in actual possession, his access to the area where the drugs were found, evidence of recent drug use, and his physical proximity to the drugs.
 
 State v. Toups,
 
 01-1875 (La.10/15/02), 833 So.2d 910, 912.
 

 In the present case, defendant claims that the State failed to prove possession. He specifically points to the fact that the owner of the vehicle, Kirby Sovinette, was in the back seat of the vehicle where the drugs were found, and therefore, the State did not exclude the reasonable hypothesis that the drugs at issue belonged to Kirby Sovinette.
 

 In
 
 State v. Ankrum,
 
 573 So.2d 244 (La.App. 1 Cir.1990), the First Circuit concluded the evidence was sufficient to support possession of cocaine convictions for three occupants of a vehicle where cocaine was found on the back right floorboard under papers and other debris. In affirming defendants’ convictions, the First Circuit reasoned:
 

 In this case, the cocaine was found on the right rear floorboard under debris.
 
 *503
 
 It was not cleverly concealed or in any way out of reach of each defendant. The question on appeal is whether under
 
 Jackson, supra,
 
 a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found beyond a reasonable doubt that each defendant had dominion and control over the cocaine and that they knowingly possessed it. The record supports the finding by the jury that each of the three defendants was guilty of constructive possession of cocaine under the standards of
 
 Jackson.
 

 In
 
 State v. Savoie,
 
 09-103 (La.App. 5 Cir. 5/12/09), 15 So.3d 207, 213,
 
 unit denied,
 
 2009-1306 (La.2/5/10), 27 So.3d 297, this Court held that the evidence was sufficient to support defendant’s conviction for possession of cocaine. In |
 
 inSavoie,
 
 defendant purchased cocaine at a location under surveillance, evidence consisted of activity that officer observed while conducting surveillance, and a bag of cocaine was found on the seat of the truck between two occupants, such that defendant had dominion and control of it.
 

 Likewise, in
 
 State v. Manson,
 
 791 So.2d at 761-62, this Court found that the evidence was sufficient to establish that defendant had constructive possession of cocaine found in vehicle he was driving, despite testimony the car belonged to another person. In
 
 Manson,
 
 the rocks of crack cocaine were located on the floorboard on the driver’s side of the car. In finding constructive possession, this Court noted, “[cjonsidering that the car was in defendant’s custody and the drugs were found in plain view, it is unlikely he did not know cocaine was in the car ... It is difficult to fathom how defendant could have been completely unaware of the presence of cocaine in that car.”
 

 In the present case, we find that the evidence presented by the State proved beyond a reasonable doubt that defendant was guilty of possession of cocaine in excess of twenty-eight grams. With regard to the element of possession, Detective Dufrene testified that he saw defendant and another individual engage in a hand-to-hand transaction in the front seat of the Toyota Tundra. The officer thereafter stopped the truck and discovered a large rock of crack cocaine sitting in plain view in the middle of the rear seat of the vehicle that defendant was driving. At trial, the officer testified that the cocaine was within two or three feet of defendant. Moreover, once he was transported to the detective bureau, defendant admitted that the cocaine was his. In addition to this testimony, Captain Ronald Halstead of the Jefferson Parish Sheriffs Office testified that when defendant was booked at the Jefferson Parish Correctional Center, he was in possession of $402 in various denominations.
 

 InWith regard to the amount of cocaine, Thomas Angelica of the Jefferson Parish Sheriffs Office Crime Laboratory, testified that he analyzed the substance recovered from the rear seat of the truck and that the test results were positive for cocaine. Mr. Angelica further testified that the net weight of the substance recovered from the truck was 47.43 grams.
 

 Viewing the evidence presented in this case in the light most favorable to the prosecution, we find the evidence was sufficient to prove the elements of the charged offense beyond a reasonable doubt. Accordingly, the arguments raised by defendant in this assigned error are without merit.
 

 ASSIGNMENT OF ERROR NUMBER FOUR
 

 In this assigned error, defendant challenges his multiple offender adjudication. More specifically, defendant contends that
 
 *504
 
 the trial court erred in finding him to be a fourth felony offender because he “was not properly advised of the possible future applicability of LSA-R.S. 15:529.1 and/or the rights he was giving up by tendering a plea of guilty.” Defendant also contends “the arrest documentation used by the Assistant District Attorney was insufficient and was inadmissible hearsay,” and therefore, the evidence presented by the State was insufficient to prove defendant’s multiple offender status.
 

 In this case, defendant was charged as a fourth felony offender. The three predicate offenses were: (1) 24th Judicial District Court case number 89-5156 relative to theft over $500.00, to which the defendant pled guilty in February of 1991; (2) 24th Judicial District Court case number 91-5222 relative to distribution of cocaine, to which the defendant pled guilty in June of 1992; and (3) 24th Judicial District Court case number 92-2805 relative to armed robbery, to which the defendant pled guilty in September of 1992.
 

 1 iJn order to prove that a defendant is a habitual offender, the State must establish by competent evidence the defendant’s prior felony convictions and that defendant is the same person who was convicted of the prior felonies. The Habitual Offender Law, codified in LSA-R.S. 15:529.1, does not require the State to use a specific type of evidence in order to carry its burden of proof. Any competent evidence may prove the defendant’s prior convictions. The State may meet its burden of proof by various means including the testimony of witnesses to prior crimes, expert testimony matching fingerprints of the defendant with those in the record of prior convictions, or photographs contained in a duly-authenticated record.
 

 State v. Jenkins,
 
 07-586 (La.App. 5 Cir. 1/22/08), 977 So.2d 142, 146.
 

 When the defendant’s habitual offender status is based on guilty pleas in the predicate convictions, the State has the burden of proving the existence of the defendant’s guilty pleas and that an attorney represented the defendant when the guilty pleas were taken. If the State meets its burden of proof, then the burden shifts to the defendant to produce some affirmative evidence of an infringement of his rights or a procedural irregularity.
 
 State v. Jenkins,
 
 977 So.2d at 147.
 

 If the defendant meets his burden, then the burden shifts back to the State to prove the constitutionality of the plea by producing a perfect transcript, which shows that the defendant’s waiver of his Boykin
 
 [2]
 
 rights was voluntary, informed, and express. If the State produces anything less than a perfect transcript, such as a guilty plea form, minute entry, or imperfect transcript, the trial judge must weigh the evidence to determine whether the defendant’s prior plea was knowing and voluntary.
 
 State v. Shelton,
 
 621 So.2d 769, 774-77 (La.1993);
 
 State v. Jenkins,
 
 977 So.2d at 147.
 

 In his challenge to the multiple offender adjudication, defendant claims that, when taking his guilty pleas on his prior offenses, the presiding judges failed to inform him that those guilty pleas and convictions could later be used against him to enhance the sentence on a subsequent conviction. We first note that in his response to the multiple bill and well as his motion to quash the multiple bill, defendant never objected on this basis. Rather, he claimed that in the predicate guilty pleas, he was not properly advised of his
 
 Boykin
 
 rights. According to LSA-C.Cr.P. art. 841, “[a]n irregularity or error cannot be availed of
 
 *505
 
 after verdict unless it was objected to at the time of occurrence.” Moreover, LSA-R.S. 15:529.1 D(l)(b) provides that any challenge to a previous conviction that is not made before sentence is imposed may not thereafter be raised to attack the sentence. Since defendant failed to object on this basis at the time of the multiple offender proceedings, he failed to preserve it for review on appeal.
 

 Moreover, even if this issue was not waived, it has no merit. In
 
 State v. Nuccio,
 
 454 So.2d 93, 104 (La.1984), the Louisiana Supreme Court noted that the scope of
 
 Boykin
 
 “has not been expanded to include advising the defendant of any other rights which he may have, nor of the possible consequences of his actions. Our jurisprudence has never required that a defendant be informed that his guilty plea-his conviction-may be used as a basis for the filing of a future multiple offender bill.” In
 
 State v. Guzman,
 
 99-1528 (La.5/16/00), 769 So.2d 1158, 1164, the Louisiana Supreme Court confirmed that it has never extended the core
 
 Boykin
 
 constitutional requirements to include advice with respect to sentencing.
 
 See also State v. Farinas,
 
 09-396 (La.App. 5 Cir. 11/24/09), 28 So.3d 1132, 1140,
 
 writ denied,
 
 10-0086 (La.6/25/10), 38 So.3d 335. Furthermore, we note that two of the predicate guilty plea forms signed by defendant advised him that if he was convicted of another crime in the future the penalties for that crime could be enhanced or he could be multiple billed under the Habitual Offender Law.
 

 We have also addressed defendant’s contention that “the arrest documentation used by the Assistant District Attorney was insufficient,” and therefore, the evidence presented by the State was insufficient to prove defendant’s multiple offender status. Having reviewed the multiple offender proceedings, we likewise find no merit to this argument.
 

 For 24th Judicial District Court case number 89-5156 and 24th Judicial District Court case number 91-5222, the State introduced the original records of the predicate convictions, which contain bills of information charging defendant with theft and distribution of cocaine, waiver of rights forms signed by defendant, as well as commitments and fingerprint sheets bearing defendant’s name. For 24th Judicial District Court case number 92-2805, the State introduced the bill of information charging defendant with nine counts of armed robbery, a waiver of rights form signed by defendant, fingerprint sheets bearing defendant’s name, and a
 
 Boykin
 
 colloquy. In that
 
 Boykin
 
 colloquy, defendant indicated that he understood his right against self-incrimination, his right to trial by jury, and his right to confront his accusers, and that he was waiving those rights by entering a guilty plea.
 

 As to all three cases, the State introduced the testimony of Aisha Simon, an expert in the comparison and analysis of latent fingerprints. Ms. Simon testified that she took fingerprints from defendant and compared those with fingerprints from certified conviction packets in case numbers 89-5156, 91-5222, and 92-2805. She concluded that these prints were made by the same person.
 

 Based on the foregoing, we find that the State presented sufficient evidence to prove defendant’s status as a fourth felony offender. Accordingly, the arguments raised by defendant with regard to his multiple offender adjudication are without merit.
 

 ASSIGNMENT OF ERROR NUMBER FIVE
 

 In his final assignment of error, defendant contends that the thirty-five year sentence imposed upon his adjudica
 
 *506
 
 tion as a fourth felony offender is excessive.
 

 In the present case, defendant was convicted of possession of cocaine in excess of 28 grams, and according to LSA-R.S. 40:967 F(l)(a), faced a possible sentence of imprisonment of five to thirty years and a fine of not less than $50,000 nor more than $150,000.00. He was subsequently adjudicated a fourth felony offender, and as such, was subject to a sentence of not less than thirty years and not more than his natural life. LSA-R.S. 15:529.1 A(l)(c)(i). Defendant received a sentence of thirty-five years and now contends that it is excessive.
 

 On appeal, defendant specifically asserts that the sentence imposed makes no measurable contribution to acceptable goals of punishment and is out of proportion to the severity of the crime. In addition, he contends that the trial court failed to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1 and failed to properly tailor his sentence to the facts of this case.
 

 The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive, even when it is within the applicable statutory range, if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the sense of justice.
 
 State v. Warmack,
 
 07-311 (La.App. 5 Cir. 11/27/07), 973 So.2d 104, 109.
 

 The trial judge is afforded wide discretion in determining a sentence, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed.
 
 State v. Shannon,
 
 04-1361 (La.App. 5 Cir. 4/26/05), 902 So.2d 519, 523-524. The relevant question on appeal is whether the trial court abused its broad sentencing discretion, and not whether another sentence might have been more appropriate.
 
 State v. Cook,
 
 95-2784 (La.5/31/96), 674 So.2d 957, 959,
 
 cert. denied,
 
 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
 

 In the present case, the trial judge indicated generally that it had considered the sentencing guidelines contained in LSA-C.Cr.P. art. 894.1 in imposing the sentence on defendant. Even though the trial judge did not specifically articulate the factors considered in imposing sentence, the record clearly supports the thirty-five year sentence. We note that defendant was convicted of possessing more than 28 grams of cocaine. In addition, defendant has an extensive criminal history as evidenced by the comments at the original sentencing and at the subsequent multiple offender sentencing. Finally, defendant could have received a sentence of life imprisonment at hard labor as a fourth felony offender. He actually received a substantially lighter sentence from the trial court.
 

 Moreover, a review of similar cases indicates that the sentence is not excessively harsh. For example, in
 
 State v. Harvey,
 
 08-0217 (La.App. 4 Cir. 5/13/09), 12 So.3d 496, the Fourth Circuit affirmed a thirty year sentence for a second felony offender for possession with intent to distribute cocaine. In
 
 State v. Johnson,
 
 43, 302 (La.App. 2 Cir. 4/30/08), 982 So.2d 260,
 
 writ denied,
 
 08-1277 (La.2/6/09), 999 So.2d 769, the appellate court affirmed the defendant’s life sentence as a fourth felony offender for possession of cocaine.
 

 | ^Accordingly, we conclude that the trial court did not abuse its sentencing discretion and that defendant’s sentence was not excessive. The arguments raised by defendant in this assigned error are likewise without merit.
 

 
 *507
 

 ERROR PATENT DISCUSSION
 

 The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals a discrepancy between the transcript and the commitment/minute entry on the multiple bill. The commitment/minute entry indicates that the defendant pled guilty to the multiple bill; however, as evidenced by the transcript, defendant did not plead guilty but rather was adjudicated a fourth felony offender after a hearing. Since the commitment/minute entry is not consistent with the transcript, we remand the matter to the trial court for correction of the October 16, 2008 commitment/minute entry to reflect that defendant was adjudicated a fourth felony offender.
 

 Accordingly, for the reasons set forth herein, we affirm defendant’s conviction and sentence and remand the matter to the trial court with directions to correct the October 16, 2008 minute entry.
 

 CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 . The other individual in the truck was Kirby Sovinette, the registered owner of the vehicle. At the suppression hearing, this individual is referred to as Kirby Sovillion, but at trial he is referred to as Kirby Sovinette. For purposes of this opinion, he will be referred to as Kirby Sovinette.
 

 [2]
 

 .
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct 1709, 23 L.Ed.2d 274 (1969)