*699 1! Writ granted in part and otherwise denied. The district court’s ruling granting issuance of a subpoena for the alleged victim to appear at a preliminary examination hearing is reversed. The defendant is charged with attempted first degree murder of a police officer and aggravated assault with a firearm upon a peace officer. The defendant requested a subpoena to compel the alleged victim’s attendance at a preliminary hearing and urged that “good cause” for subpoenaing the victim exists because the victim’s testimony would be relevant and not consist entirely of hearsay. The defendant also argues that since the alleged victim is a police officer, he is accustomed to testifying in court.
In State v. Harris, 2008-2117 (La. 12/19/08), 998 So.2d 55, this Court held:
Even though the Sixth Amendment of the United States Constitution provides that “[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him[,]” the United States Supreme Court has specifically rejected confrontation clause claims in pre-trial proceedings. Similarly, although La. Const, Art. I, § 13 recognizes the right of a defendant to confront his accuser, the confrontation that this article secures is confrontation at the trial, not prior thereto.
Id. at 55-56.
Further, La. R.S. 46:1844(C)(3) provides that: ... “Before any victim may be 12subpoenaed to testify on behalf of a defendant at any pretrial hearing, the defendant shall show good cause at a contradictory hearing with the district attorney why the subpoena should be issued. See also, La. Const. Art. I, § 25 (1974) which enshrined in the Louisiana Constitution certain rights of a victim of a crime, including *700 the right to refuse to be inteiwiewed by the accused or a representative of the accused.
Police officers, who are victims of crime, are entitled to invoke the protections afforded by the Crime Victim Witness Protection Act, LSA-R.S. 46:1841 et seq. Further, hearsay testimony is explicitly permitted in preliminary examination hearings pursuant to LSA-C.E. Article 1101 B(4). Thus, the defendant has not demonstrated “good cause” to subpoena the alleged victim to appear at a preliminary examination hearing as required by La. Const. Art. I, § 25 and La. R.S. 46:1844(0(3). The state’s request for a stay and the state’s request that defendant be held in contempt of court for asking that the subpoena be issued, is denied. This matter is remanded to the district court for further proceedings.
WEIMER, J., dissents and assigns reasons.
HUGHES, J., would deny the writ.