WEIMER, J.,
dissenting.
11 Respectfully, I would grant and docket this matter for analysis. Without mention of the standard of review or the deference afforded to a trial court’s determination of good cause under La. R.S. 46:1844(C)(3), or the constitutional right to a preliminary examination afforded by La. Const. Art. I, § 14,[1] or the codal right of a defendant to subpoena witnesses to the preliminary examination recognized in La. C,Cr.P. Art. 294(A),[2] the trial court’s ruling is summarily reversed.
Our constitution affords rights to victims and we must be fully cognizant of that constitutional protection. See La. Const. Art. I, § 25. Concerning the rights of victims, La. R.S. 46:1844(C)(3) further provides “[bjefore any victim may be subpoenaed to testify on behalf of a defendant at any pretrial hearing, the defendant shall show good cause at a contradictory hearing with the district attorney why the subpoena should be issued.”
While not insensitive to the rights of victims, including police officers, I would grant and docket this matter to examine and balance the competing constitutional and | gcodal interests so as to provide guidance to the lower courts.[3] I also believe that this matter should be docketed for a determination of what is required under La. R.S. 46:1844(0(3) to establish good cause, and the deference owed-if any-by a reviewing court to the trial court’s good cause determination.
For these reasons, I respectfully dissent from the grant with order.
Hughes, J., would deny the writ.

. "The right to a preliminary examination shall not be denied in felony cases except when the accused is indicted by a grand jury.” La. Const. Art. I, § 14.

. Article 294(A) affords a defendant the right to "produce witnesses [at the preliminary examination], who shall be examined in the presence of the defendant and shall be subject to cross-examination.”

.Notably, this court in State v. Harris, 08-2117 (La. 12/19/08), 998 So.2d 55, which is cited in the per curiam, did not address La. Const. Art. I, § 14 and La. C.Cr.P. Art. 294(A), Further, under the analysis employed in the per curiam, the state would seemingly defeat any attempt to establish "good cause” by offering hearsay, thus, always preventing the defendant from presenting a defense using victim testimony at the preliminary examination.